## SMITH M. CANTRALL
### v.
## ANGELO V. FAWCETT ET AL.

1. PLEADING—REPLICATION—BURDEN OF PROOF.—Where a plaintiff, by way of replication to the defendant's plea, alleges an independent fact, the burden of proof is upon him to show the truth of such fact.

2. EVIDENCE—WARRANTY.—Appellant alleged that he purchased of appellees a corn-sheller, which was warranted, and gave his note for the deferred payment; that afterwards that note was surrendered and a new note given in its place. In a suit upon this last note, there was evidence tending to show a warranty and breach, and that the same was not settled at the time of giving the new note. *Held*, that the court erred in excluding such evidence; that the warranty, if any, might remain even if the note was paid, unless the same was settled at the time of giving the new note, and this was for the jury to determine.

3. EVIDENCE—BILL IN CHANCERY.—It was improper to admit in evidence a bill in chancery prepared by appellant to restrain the collection of a judgment, on the ground that the justice had no jurisdiction. The replication in this suit shows that the judgment was void, and proof should have been made by production of the justice's docket.

APPEAL from the Circuit Court of DeWitt county; the Hon. A. G. BURR, Judge, presiding.

Messrs. FULLER, GRAHAM & MONSON, for appellant; that under the pleadings, evidence of warranty, breach and damages should have been allowed to go the jury, cited Crabtree v. Rowand, 33 Ill. 421; Yates v. Valentine, 71 Ill. 643.

The question whether the new note was given for the same consideration as the former one, should have been submitted to the jury: Ankeny v. Pierce, Breese, 262; Dedman v. Williams, 1 Scam. 154; McConnell v. Stettinius, 2 Gilm. 707.

Proof of the judgment of the justice should have been made by producing his docket: Greenleaf's Ev. 686; Freeman on Judgments, 421.

Mr. R. B. FORREST, for appellees.

LACEY, J. This was an action brought by appellees against appellant, and was tried in the Circuit Court of DeWitt county, August term, A. D. 1877. The cause of action was a promissory note. There were two defenses set up to it. The first was that the appellees had, on the 25th of December, 1875, sold to appellant a " corn-sheller and horse power belonging to it, for $375," on which $195 was paid, and note given for balance to appellees due six months after date; that the appellees warranted the sheller to be well made and durable, and would shell corn clean, and clean corn better than any other sheller manufactured; that this note was afterwards taken up and a new note substituted in lieu of the old one. The new note is the one in suit.

The plea further alleged that the warranty had failed to the amount of $300, and this was sought to be offset against the note.

The second plea was a plea of former adjudication on the note sued on. Appellee replied, averring that the docket of the justice of the peace would show that the justice had no jurisdiction and that the judgment was void, as would appear from the docket.

Issue was joined on all the pleas as well as replication. The cause was tried by a jury. On the trial the plaintiff and one Middlecoff and Williams were allowed to testify to facts tending to show the warranty and the breach thereof and the resulting damages; but after such evidence had been given in, on motion of appellee, all the evidence bearing on the question of damages was excluded by the court from the consideration of the jury. The appellant then offered to prove by other witnesses such damages, but the court ruled that such evidence was inadmissible. Exceptions were taken to such rulings by appellants' counsel. It is claimed by counsel for appellee that

Cantrall v. Fawcett et al.

by his replication he had put in issue the question whether or not the note sued on had been given in settlement of the transaction between the plaintiffs and defendant pertaining to the sale of the said corn-sheller; he claims that issue was not joined on the second plea of appellant, but on this replication.

It is also claimed that the burthen of proof was on appellant to disprove this replication. This is not tenable, the appellee having plead the replication, the burthen of proof was on him to show the truth of such replication. The party who alleges a fact must prove it. But the evidence given in by the appellant, and which was excluded by the court, tended to show that the warranty and breach, if any, was not settled by appellant and appellee at the time; the new note was given without a word being said by either party upon the question of warranty and breach, and was given for the accommodation of appellant to enable him to raise money.

The contract of warranty, if there was one, might remain even were the note paid off, and suit might afterwards be brought for the breach of it.

True, it might have been settled and adjusted when the new note was given, but not so unless the parties so intended. The fact of giving the new note might be taken into account by the jury, together with all the other evidence in the case, in determining whether in fact there was a settlement of all differences, but it should not be held to be a conclusive fact. It was the province of the jury to weigh and determine from all the evidence whether a full settlement had been made. And it was the duty of the court to admit all the evidence bearing on that question. It was not the province of the court to determine whether a settlement had been proven. It was error in the court to exclude the evidence on the question of damages, for the jury might have found that the warranty and breach had been fully established, and that no settlement had been made between the parties. In that case the question of damages would have been a vital one.

The court admitted in evidence parol testimony, and also the bill in equity prepared by appellant for the purpose of presenting it to the judge, to obtain an injunction against the

collection of the judgment rendered before a justice on the note in question, which bill set up that the judgment was void for want of jurisdiction in the justice. The purpose of this was to prove appellee's replication to the plea of former recovery. This was not competent for such purpose. The replication shows that the judgment was void on its face. This is the manner in which the issue is tendered. It should be proven, as tendered, by the production of the docket itself or a transcript, and the evidence should have been confined to this.

The judgment is therefore reversed and the cause remanded.

Reversed and remanded.