## STILLMAN W. WHEELOCK

v.

## GEORGE W. BERKLEY AND WILLIAM COFFEY.

*Sales—Breach of Warranty—Renewal of Note Given for Purchase Money—When not a Waiver of Breach of Warranty.*

Where property is sold with a warranty, and the purchaser gives a note for the purchase money, the renewal of such note by the purchaser after he has discovered that there has been a breach of the warranty, does not operate to release his claim against the vendor for such breach.

[Opinion filed December 8, 1890.]

APPEAL from the Circuit Court of Lee County; the Hon. JAMES H. CARTRIGHT, Judge, presiding.

Messrs. W. & W. D. BARGE, for appellant.

Messrs. DIXON & BETHEA and R. S. FARRAND, for appellees.

UPTON, J. This was a suit by appellant against appellees brought upon a note, in the Circuit Court, the consideration for which was, in a great part, for a stallion sold by appellant to appellees in March, 1877, the price for which was $800. It was claimed by appellees on trial in the court below, that appellant warranted the stallion to be a sure foal getter, sound, and that he could pace a mile in "two twenty-four" and had a record of "two twenty-seven." The horse was delivered to appellees. They used him in the stud for three

Wheelock v. Berkley.

years and more in which he was used in service to 164 mares, producing sixty-one colts, as was claimed on trial.   It was further claimed by appellees that they caused the horse to be trained for speed by experienced and practical trainers, and ascertained that it was broken down and unable to be of use for speed, and that, in fact, such was its condition when purchased by appellees, then unknown to them, they relying, as they claimed, upon appellant's veracity in those particulars. Some payments had been made from time to time by appellees to appellant which were indorsed upon the notes, and in April, 1880, appellees gave new notes in the place of the old ones, nothing being said or claimed concerning the warranty or breach thereof by way of settlement or otherwise.   Upon these new notes thus given, this suit is brought and the main contention is, whether giving the new notes under these circumstances above recited precludes the appellees from setting up a defense thereto.   The breach of warranty which the appellees sought to interpose to the declaration by proper pleas pleaded, and to which plaintiff replied that appellees knew all these matters when the notes sued on were executed, issue was joined and upon the trial in the court below before a jury, resulted in a verdict for the appellees, upon which judgment being rendered, this appeal was taken.

We have carefully examined the facts contained in the record before us, and we think the jury were fully justified in the verdict in finding that the horse was, in fact, warranted in the particulars set out in the plea, as before stated, and that there was a breach of that warranty in both particulars, by which appellees had sustained damages to the amount of the note and interest.   It is insisted, however, by appellant that the renewal of the notes with knowledge of the breach of warranty, was a waiver of all damages sustained on account thereof.   And complaint is made that the trial court refused appellant's fifth instruction to the jury, wherein that doctrine, as a legal proposition, was stated, which the court refused and which is now claimed as the principal error of the trial court. We do not think the point is well taken unless it was understood between the parties at the time of the taking of the

new notes that damages or claims therefor, caused by a breach of such warranty, should be waived, of which there is no proof in this case. Cantrall v. Fawcet, 2 Ill. App. 569; Crabtree v. Rowan, 33 Ill. 423.

We do not regard the case, Wickenkamp v. Wickenkamp, 77 Ill. 93, cited by the learned counsel for appellant, in point upon this contention.

The warranty and breach thereof, which the jury have found from the evidence, constituted a cause of action in favor of appellees, independent of the note, and which they might have maintained after the note had been paid. Such cause of action was not rendered invalid by payment or renewal of the note, in our judgment.

We are unable to perceive error in the trial court in refusing on cross-examination of Berkley to allow appellant to show what he obtained on the sale of the horse. That was not the criterion of the appellees' damages under any legal rule of which we are apprised. Neither is Berkley's evidence in that regard, or any ruling of the trial court upon objections thereto, if any was made, found in the abstract before us, and hence this point is not availing him in any event.

We have carefully examined this record as to all matters to which our attention has been directed, and we find no error therein either in giving or refusal of instructions for either party to this record, or in giving judgment to appellees for a sum less than $1,000, and the judgment of the Circuit Court is affirmed.            *Judgment affirmed.*