Rtjefin, C. J.
 

 The objection that the action would not lie against the defendant has been abandoned in this court; and we need say no more on it, than that, as we think, it was properly abandoned. The bill of sale is not under seal, nor in the name of the agent, and is in law the contract of the principal.
 

 Several other objections, however, have been taken. The first is, that the court erred in stating the price given for the slave to be the measure of damages
 
 ;
 
 whereas it is the difference
 
 between the
 
 sum paid, and the real value
 
 in the state
 
 in which the negro was. We believe the rule, as thus stated, is correctly expressed. Nevertheless the courtis of opinion, that the judgment, cannot be reversed on that ground. It is apparent that the slave was a total loss to the plaintiff; and that the case was so treated by all parties on the trial. The direction to the jury to give the full price or value is based upon the hypothesis, that the' slave died of the small poxr, existing at the time of the sale ; from which it followed almost necessarily that the slave had been of no value to the purchaser. For the judge and jury are both entitled to the small portion of common sense needed to know, that a slave, who died of small pox, was of no actual value between the infection and the fatal termination. It is a disease of steady continuance and rapid progress, which disables the patient from labor, and makes the necessary attention to him both troublesome and dangerous. But it was insisted that, diseased as he was, he was worth something when sold, for many recover from the small pox, and there are persons who might give a considerable sum for a slave infected with that
 
 *352
 
 disease: If the plaintiffs had sold the negro as diseased, and thereby diminished- their loss, the defendant would have been perhaps entitled to a corresponding diminution of the damages. But there was no such suggestion. The negro died the plaintiffs’, and was their loss ; and we are clearly of opinion, that they are, upon no principle, bound to account for any supposed price, which some persons might possibly have been willing to give for a slave in that condition. The purchasers were entitled to keep him •, and, if he was not of the qualities warranted, they were entitled to recover the damages actually sustained by them by reason of his unsoundness, which, in this case, amounted to the whole value of the negro, as has been already shewn, and was so considered on the trial. But it was further urged, that the price given may have been more than his value, if he had been sound ; and that the plaintiffs have only a right to have the negro made good to him, as sold to him. But, generally speaking, we believe that the prices given for property of this description may be safely taken to be the fair market value, nothing appearing to the reverse. And, in this case, it was so assumed by every body; and the defendant gave no' evidence that the value was less than the price. But, besides these particular answers to the objections, there is a general one; which is, that the defendant did not except to this part of the instruction, and therefore we must
 
 take it,
 
 that he was satisfied with it. it may, indeed, have been favorable to him; as upon other evidence that may have been given, it may have appeared, that the value of the negro, if sound, would have been more than the price.
 

 Upon the question of interest, we do not see that it was wrong for the jury, in their discretion, to consider the use of the money as a part of the plaintiffs’ loss, as is often done in trover; and the court informed them they might, and not that they were bound to. give interest from the sale. But however that may be, under another objection of the defendant, the plaintiffs have found themselves under the necessity of giving up a larger sum than the amount of that part of the interest complained of. The objection can go only to
 
 *353
 
 interest for the time prior to notice that the plaintiffs looked to the defendant for payment, when the latter had an opportunity of making payment, and was placed in default. But the plaintiffs have been obliged, for another reason, to remit $144; which exceeds the interest accrued between the sale and the commencement of this suit, and thus puts this objection out of the-case.
 

 On the part of thé defendant a motion was then made in this court for arrest of judgment, upon a ground which was overlooked in the Superior Court; and that is, that the damages assessed exceed those laid in the writ and declaration. To meet this objection, the plaintiffs offer to remit the excess, and pray that the judgment may be affirmed for the less sum claimed in the declaration. In
 
 Grist
 
 v
 
 Hodges,
 
 3 Dev. 198, the court allowed an amendment by increasing the damages demanded, but required the plaintiff to pay all the costs, because, after doing so, he was much a gainer by the amendment. But in this case the costs exceed the difference between the sums laid and assessed respectively; and therefore the plaintiffs do not move to amend the writ, but to remit a part of their damages. ' We find the practice well established in England in such a case, to allow the plaintiff to enter a
 
 remittitur
 
 in the court below after error brought and errors assigned, and then have the transcript in the Court of Errors made conformable, upon payment of the costs- of the writ of error up to the time of the amendment made. It would be, of course, in our Superior Courts to allow the plaintiffs to remit; but it is not necessary to send them there for that purpose, because the statute authorizes the amendment to be made here at'once, upon such terms as the court may deem right. We think it must be on the payment of the costs in this court, which is according to the rule in England. Without the amendment the judgment would be reversed, and this defect may have led the other party to appeal. But we do not think the plaintiffs ought to pay more than
 
 the
 
 costs
 
 of
 
 this court; for it is enough that the defendant gets clear of a part of the damages. Therefore, after the amendment, the judgment will
 
 *354
 
 be affirmed for the damages laid in the declaration and the costs of the court below.
 

 Per Curiam. Plaintiffs allowed' to amend on payment of the costs of this court, and then judgment in their favor.