WESTURN, Respondent, vs. PAGE, Appellant.

*October 13 — November 4, 1896.*

*Sale of chattels: Principal and agent: Warranty: Burden of proof: Court and jury.*

In order to establish a cause of action for breach of an express warranty of an article sold by an agent, it is incumbent upon the party seeking to enforce it to prove express authority from the principal to warrant, or that such sales are usually attended with warranties; and the question of usage is for the jury, to be determined from the evidence.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action for damages for an alleged breach of an express warranty of the soundness of a horse. A Mr. Hall, as agent for defendant, with full·authority so to do, traded a horse to plaintiff. Whether he had authority to make such trade and warrant the horse to be sound and perfect; whether he did so warrant the horse; whether there was a breach of such warranty; and, if so, what amount plaintiff was damaged thereby,— were all material and disputed questions on the evidence. The trial judge charged the jury, in effect, that authority to sell the horse carried with it authority to make the express warranty that the horse was sound, which plaintiff claimed was made. The jury rendered a verdict for plaintiff, assessing his damages at $504.52. The defendant's counsel moved the court to set such verdict aside, among other things, for error in the judge's charge, in that he gave the instruction above particularly referred to. The motion was denied. Judgment was rendered in plaintiff's favor on the verdict, and defendant appealed.

For the appellant there was a brief signed by *Spooner, Sanborn, Kerr & Spooner,* of counsel, and oral argument by *J. B. Kerr.*

For the respondent there was a brief by *Bentley & Bentley,* and oral argument by *F. R. Bentley.*

Westurn vs. Page.

Marshall, J.  One question, only, is necessary to be decided in the determination of this appeal; that is, Did the trial court err in instructing the jury, in substance, as follows: 'If Mr. Hall, the defendant's agent, made an agreement of warranty respecting the soundness of the horse, the defendant is bound by it, because he gave Hall full authority to sell or exchange the horse.  Plaintiff had a right to rely upon the authority of Hall in making whatever agreement was made as part of the agreement or sale.'

We assume that the learned trial judge relied on *Boothby v. Scales*, 27 Wis. 626, where this court decided that 'general authority to an agent to sell includes power to sell with warranty, unless the purchaser knows the private instructions to the agent, or that he is exceeding his powers,' overlooking the fact that such case has been repeatedly overruled in subsequent cases.  In *Pickert v. Marston*, 68 Wis. 465, the subject was discussed at length, and the general rule, laid down by standard text writers and supported by the great weight of authority, was there stated with approval, as follows: " The general rule is as to all contracts, including sales, that the agent is to do whatever is usual to carry out the object of his agency, and it is a question for the jury to determine what is usual.  If, in a sale of the goods confided to him, it is usual in the market to give a warranty, the agent may give that warranty in order to effect the sale."  The subject was again before the court in *Larson v. Aultman & Taylor Co.* 86 Wis. 281.  In the opinion of the court by Mr. Justice Cassoday, it is there said: " The rule is well settled that the agent employed to sell has no implied power to warrant, unless the sale is one which is usually attended with warranty."  So, it comes to this: that, in order to make out a cause of action for breach of an express warranty of an article sold by an agent, it is incumbent upon the party seeking to enforce such warranty to prove express authority from the principal to make it, or that such sales are usually attended with such warranties;

and the question of whether so usually attended or not is one for determination by the jury from the evidence. *Roche v. Pennington*, 90 Wis. 107; *Pickert v. Marston, supra.*

In the light of the foregoing, the instruction under consideration is clearly erroneous, which must work a reversal of the judgment appealed from.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.