THE LOOMIS MILLING COMPANY v. GEORGE B. VAWTER.

**No. 163.**

1. AGENCY— *Sales—Authority to Warrant.* Unrestricted authority to an agent to sell flour to be manfactured for the purchaser carries with it authority to warrant that it shall be equal, when manufactured, to certain brands made by another and adopted as a sample for the purpose of such sale.

2. ———— *Evidence of Limitation to Authority — Knowledge of Purchaser.* In such case, an offer on the part of the principal to prove a limitation to the authority of the agent in that respect, either by special instructions or a custom of the principal, unaccompanied by a further offer to prove knowledge on the part of the purchaser, is incompetent and immaterial.

3. ———— *Instructions of Principal to Agent—Repudiation of Warranty.* In such case, even if the warranty was contrary to the agent's instructions, the principal could not enforce the main contract and repudiate the warranty.

4. SALES— *Measure of Damages.* The measure of damages under the evidence is the difference in value between the flour delivered and the flour as warranted. Any advance in the price before delivery would be embraced therein.

Error from Decatur district court; A. C. T. GEIGER, judge. Opinion filed September 17, 1898. Reversed.

*Tully Scott,* for plaintiff in error.

*Bertram & Wilson,* for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : The Loomis Milling Company sued George B. Vawter for $266.75, alleged to be a balance on account of flour sold and delivered. Defendant claimed damages for breach of a warranty as to quality, and a tender of $200 before suit. The cause was tried to a jury, and resulted in a general verdict for the plaintiff in the sum of $140.75. There were special findings of fact; among others, a finding that a tender of $200 was made before suit. Judgment was entered against the plaintiff for costs, in the sum of $103.75. A motion for a new trial being denied, the case is brought here on appeal, and errors are assigned, as follows : (1) In the admission of incompetent and immaterial evidence ; (2) in the rejection of competent and material evidence ; (3) in erroneous instructions to the jury ; (4) in denying plaintiff's motion for judgment on the special findings ; and (5) in denying the motion for a new trial.

We will not consider the first assignment of error, because the rule of this court is not complied with.

The trial court erred in refusing to permit the plaintiff to cross-examine the defendant on his testimony regarding the alleged tender. The purpose of the cross-examination, as disclosed by the record, was to show, if indeed it was necessary to show, that the alleged tender was a mere offer to compromise the claim, and was not intended or regarded by the defendant at the time as a tender. Under this assignment, it is next contended that the court erred in rejecting testimony in behalf of the plaintiff as to the authority of the agent of the plaintiff who made the sale to make the warranty as claimed by the defendant. The plaintiff did not offer to prove that the defendant

had any knowledge of any restrictions or limitations to the authority of the agent.   It was conceded that the agent who sold the flour was the general agent of the company, whose business it was to travel and sell the flour manufactured by the plaintiff.   The plaintiff is seeking to enforce the contract so far as it inures to its benefit, and to repudiate that part of it which imposes on it a burden.   The defendant had a right to assume authority on the part of this agent to make the warranty, unless the defendant had notice of some limitation on the agent's authority in that respect. An offer to prove a limitation on his authority without an offer to prove knowledge on the part of the defendant would be immaterial and incompetent, and the objection thereto was properly sustained.   Nor could the plaintiff enforce the contract and at the same time repudiate the warranty.   (*Victor Sewing Machine Co. v. Rheinschild*, 25 Kan. 534; *Manufacturing Co. v. Stark*, 45 id. 606, 26 Pac. 8; *Dayton v. Hooglund*, 39 Ohio St. 671; *Murray v. Brooks*, 41 Iowa, 46, 47; *Schuchardt v. Allen*, 1 Wall. 369; Benj. Sales, 6th Am. ed., §§ 625, 626.)   It follows from these authorities that the instructions requested by the plaintiff respecting the authority of the agent to make the warranty were not applicable to the facts of the case, and that those given by the court were properly given.

The instruction requested by the plaintiff on the subject of tender correctly expressed the law applicable to the case and should have been given by the court.   It follows, necessarily, that the instruction given by the court was inapplicable to the facts of the case and tended to mislead the jury.   It clearly appears from the evidence of the defendant respecting the alleged tender that he did not contemplate mak-

ing a tender. He contemplated and made an offer to compromise, with the knowledge that it was to be submitted to the plaintiff for its acceptance or rejection.

The special findings of fact were not sufficiently comprehensive to warrant the court in rendering a judgment for the plaintiff for any definite sum. The motion did not ask for a judgment for any definite sum, but for a judgment generally for the plaintiff. There was undisputed evidence of some damage. None of the questions of fact submitted to the jury and passed on by it related to the true measure of damages. The defendant testified, in respect to the damages sustained by the breach of warranty, that a certain number of hundred-pound sacks of different brands were not as good as warranted to be, and that the damage on those sacks which were returned to him by customers was, on some, thirty cents on each hundred-pound sack, and on other brands twenty-five cents on each hundred-pound sack. But the evidence does not disclose, and the jury did not find, how many sacks of either kind were returned, but answered interrogatories in respect thereto, "We do not know," which is equivalent to saying that the evidence did not disclose the number. This is true. Allowing the defendant the full amount claimed by him in his testimony on all the flour of the brands which he testified was not as good as warranted, it would amount to but $99, leaving a balance of $169.75 due on the account. The jury seem to have allowed some damage on account of an advance in the market. The flour was delivered, so that the defendant had the benefit of the advance, if there was one.

The measure of damages is the difference between the actual value and what the value would have been

at the time of the delivery if the flour had conformed to the warranty. Hence, any advance in price between the date of contract and delivery would be covered by the general damages. The loss by any advance after the delivery was not within the issues joined, and therefore not a proper element of damage in the case. (Benj. Sales, Bennett's 6th Am. ed., § 903, and note; Suth. Damages, 2d. ed., § 670. The trial court should have sustained the motion for a new trial. The judgment is reversed, and the cause remanded with directions to award the plaintiff a new trial.