(27 Misc. Rep. 557.)

PENNSYLVANIA & DELAWARE OIL CO. v. SPITELNIK et al.

(Supreme Court, Appellate Term.   May 24, 1899.)

1. SALES—WARRANTY BY AGENT.
    A buyer cannot recover damages for breach of warranty of goods sold by an agent without proof that the agent had authority to warrant, or that warranty customarily attended the sale of such goods.
2. SAME—IMPLIED WARRANTY.
    A buyer cannot recover of a seller on an implied warranty of goods after acceptance, unless he shows that there were latent defects, which were not discoverable by ordinary inspection.
3. PLEADING—DENIAL IN ANSWER—MUNICIPAL COURTS OF NEW YORK.
    A denial of any knowledge or information sufficient to form a belief as to allegations contained in the complaint is not permissible in the municipal courts of New York.

Appeal from municipal court, borough of Manhattan, Second district.

Action by the Pennsylvania & Delaware Oil Company against Reuben Spitelnik and another.   There was a judgment for plaintiff, and defendants appeal.   Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Miles Rosenbluth, for appellants.
Theodore Prince, for respondent.

LEVENTRITT, J.   The plaintiff recovered judgment for the pur-
chase price of a number of barrels of paint and blending oils sold
and delivered to the defendants.   The transaction was consummated
through a salesman, who represented that the oils would dry in 24
hours.   No evidence was introduced to show that he had authority
to warrant or that a warranty usually and customarily attended the
sale of such oils.   In the absence of that proof, the defendants' coun-
terclaim, resting on the plea of the breach of an express warranty,
must fail.   It is a well-recognized principle in the law of sales that
an agent employed to sell, without express power to warrant, can-
not give a warranty which shall bind his principal, unless the sale
is one usually attended with warranty.   1 Pars. Cont. (8th Ed.) p.
60; Smith v. Tracy, 36 N. Y. 79; Bierman v. City Mills Co., 151 N. Y.
482, 45 N. E. 856.   In Wait v. Borne, 123 N. Y. 592, 25 N. E. 1053,
the court say:

"The idea upon which is founded the right to warrant on the part of an agent
to sell a particular article is that he has been clothed with power to make
all the common and usual contracts necessary or appropriate to accomplish
the sale of the article intrusted to him; and if, in the sale of that kind or class
of goods thus confided to him, it is usual, in the market, to give a warranty,
the agent may give that warranty in order to effect a sale, and the law pre-
sumes that he has such authority.   If the agent, with express authority to sell,
has no actual authority to warrant, no authority can be implied, where the
property is of a description not usually sold with warranty."   123 N. Y. 603,  ·
604, 25 N. E. 1055.

It is obvious, therefore, that the justice was bound to reject the
counterclaim.

On this appeal the defendants shift from express to implied war-
ranty.   Although not even the most liberal construction of the veri-
fied answer can spell out of the pleading a cause of action for the
recovery of damages for the breach of an implied warranty, yet, even
disregarding the deficiency of the plea, the record does not disclose a
state of facts which would support the defendants' newly-adopted
theory.   In the case of Cycle Co. v. Abrahams (decided at the present
term of this court), 58 N. Y. Supp. 306, we considered at some length
principles equally applicable to the counterclaim here sought to be
interposed.   In that case, as in this, the defendant accepted the goods,
and we there held that the promise which the law implies in execu-
tory sales, on the part of the manufacturer, that the article sold shall
be merchantable, and fit for the purpose intended, survives accept-
ance only respecting those defects which are latent, and not discover-
able by due diligence, by ordinary inspection, and by the application
of the ordinary and usual tests.   Conceding that the defects in the
oils were latent, the defendant could not prevail, whichever version
of his conflicting testimony we accept.   On his direct examination, he
maintained that a mere experiment revealed the defects; on his cross-
examination, he asserted that he made no inspection.   Whichever
horn of the dilemma he elects to take, his claim for damages must fail,
as a result of his acceptance of the oils.   It is evident, from a perusal

of the record, that the defense founded on the implied warranty was an afterthought.   If the express warranty had been proven, then the experiment revealing the defects would have established the right of recovery (Hooper v. Story, 155 N. Y. 171, 49 N. E. 773), and the omission of inspection would not have precluded it, because, under an express warranty, the vendee is under no obligation to inspect.

The defendants also raised the technical objection that the plaintiff, being a foreign corporation, failed to prove the allegation in the complaint that it had regularly filed a certificate of its incorporation, as required by law, as a prerequisite to the maintenance of an action in the courts of this state.   The defendants, however, were in no position to attack this allegation on the trial, as the denial of it in their answer was insufficient.   They challenged it by denying "any information sufficient to form a belief" of the filing of the certificate. Denials, in the old district courts, and hence now in the municipal court (Greater New York Charter, § 1369; Laws 1897, c. 378), were limited to denials upon knowledge (Code Civ. Proc. § 2938; Consol. Act, § 1347), and, by judicial construction, to denials upon information and belief (Bennett v. Manufacturing Co., 110 N. Y. 150, 17 N. E. 669). But a denial of "any knowledge or information sufficient to form a belief," while allowed in a court of record, is not permitted in the municipal court.   Lambert v. Hoffman, 20 Misc. Rep. 331, 45 N. Y. Supp. 806.   So, a denial of knowledge sufficient to form a belief is bad (Dennison v. Carnahan, 1 E. D. Smith, 144); and the specific form of denial here adopted has been otherwise condemned (Steinam v. Bell, 7 Misc. Rep. 318, 27 N. Y. Supp. 905).   The latter forms of denial are unavailing, even in courts of record, and leave admitted the allegations against which they are directed.   Heye v. Bolles, 33 How. Prac. 266.   There is no merit in the exceptions taken at the trial, and, as the disposition of the cause below was correct, the judgment must be affirmed.

Judgment affirmed, with costs to the respondent.   All concur.