(39 Misc. Rep. 535.)

ELLNER v. PRIESTLEY et al.

(City Court of New York, General Term.   December, 1902.)

1. AGENT—SALE OF GOODS—WARRANTY.

>    Statements by an agent to a vendee that the goods sold by the agent are all wool does not bind his principals, where there is no custom shown for a selling agent to warrant the quality of his goods, or proof that his principals authorized him to warrant the quality.

Appeal from trial term.

Action by Saul Ellner against Briggs Priestley and William E. B. Priestley.   Judgment for plaintiff, and defendants appeal.   Reversed.

Argued before SEABURY and CONLAN, JJ.

Stickney, Spencer & Ordway (M. Edward Kelley, of counsel), for appellants.

Einstein & Townsend (M. S. Guiterman, of counsel), for respondent.

SEABURY, J.   This action was brought to recover damages for a breach of an alleged express warranty.   The complaint alleges that the defendants sold certain goods to the plaintiff upon the representation and warranty by the defendants that the goods, which were known as "Zebeline," were "all wool."   The defendants admit the sale of the goods, but deny that the cloth was sold upon any representation or warranty by them as to its quality.   The goods were sold to the plaintiff through a traveling salesman in the employ of the defendants.   Upon the trial it was proved, over the exception of the defendants, that the traveling salesman, in making the sale, stated that the goods were "absolutely all wool."   This was denied by the agent and the defendants were not allowed to prove that their agent was not authorized to make such representations, or to warrant the quality of the goods.   To the exclusion of this evidence the defendants duly excepted.   No evidence was offered by the plaintiff to show that the defendants' agent was authorized by his principals to warrant the quality of the goods, or that it was customary for agents engaged in selling such goods to warrant as to their quality. The trial justice charged the jury "that the law is that an agent's power to sell carried with it, as against the principal and in favor of the purchaser, the authority to warrant in regard to the material." This portion of the charge was duly excepted to by the defendants. The question presented upon this appeal is whether an agent employed to sell goods can give a warranty as to their quality which will bind his principal, when it is not shown that it was usual for the agent to warrant the quality in the sale of goods of this character, or that the agent was authorized by his principals to warrant the quality of the goods.   We think that the opinion in the case of Cafre v. Lockwood, 22 App. Div. 11, 13, 47 N. Y. Supp. 916, presents a direct answer to this specific question.   In that case, Mr. Justice Rumsey said:

>    "Where a contract for sale is made through an agent of the seller, there is no implied authority on the part of the agent to warrant the quality of the

goods, unless it shall be made to appear that it was the usual custom in sales of goods of that kind for an agent to warrant them, or actual authority was given to him for that purpose."

It is true that an agent authorized to sell property, in the absence of any express limitation of his powers, is authorized to make any declaration in regard to the property or to do any act which may be found necessary to make a sale, and which is usual and incidental thereto. But, as was said in Wait v. Borne, 123 N. Y. 592, 25 N. E. 1053: "It must be usual for the agent to have power to warrant in order to carry out the object and to sell the article confided to him for sale before the law will imply such power." In this case no evidence was offered to show that such a practice was usual in selling the goods in question, and therefore no right to warrant as to their quality can arise from implication. The evidence here discloses merely that the agent had a naked power to sell, and, not only is it not shown that it was usual for the agent selling such goods to warrant as to quality, or that the agent had actual authority to warrant, but evidence was excluded, the purpose of which was to show that the agent was not authorized to warrant the quality of the goods. The defendants, being the manufacturers of the goods sold, would probably be held by implication to have warranted that they were free from any latent defect arising out of the process of manufacture, and that they would answer the purpose for which they were specifically designed. Reynolds v. Mayor, Lane & Co., 39 App. Div. 218–221, 57 N. Y. Supp. 106. This rule cannot, however, be applied in this case to sustain the verdict rendered. The goods sold were not subject to any latent defect arising out of the process of manufacture, nor were they unfit for the purpose for which they were specially designed. Here the agent of the defendants was authorized merely to sell the goods. So far as the evidence shows, he was without actual authority to warrant as to the quality of the goods, nor was the giving of such a warranty shown to be in accord with the usual practice of agents selling such goods. Such a warrant, given under such circumstances, was not binding upon the principal. Wait v. Borne, 123 N. Y. 592, 25 N. E. 1053; Smith v. Tracy, 36 N. Y. 79; Cafre v. Lockwood, 22 App. Div. 11, 47 N. Y. Supp. 916; Reynolds v. Mayor, Lane & Co., 39 App. Div. 218, 57 N. Y. Supp. 106.

The judgment is reversed, and a new trial ordered, with costs to the appellants to abide the event.

Judgment reversed, and new trial ordered, with costs to appellants to abide event.

CONLAN, J., concurs.