[No. 5104.   Decided December 30, 1904.]

NORTHWESTERN LUMBER COMPANY, *Appellant*, v. ELISHA
S. CALLENDAR, *et al.*, *Respondents.*[1]

FRAUD—SALE OF MACHINERY AND PATENT RIGHTS—RESCISSION
FOR FRAUD OF VENDOR—VENDEE'S RIGHT TO RELY UPON REPRESEN-
TATIONS. In an action on a promissory note given as part pay-
ment for the purchase price of certain machinery and patent
rights for the manufacture of boxes, in which the defense was
made that· the sale was induced by the false and fraudulent
representations of the vendor, findings for the defendants, sup-
ported by the evidence, will not be disturbed on appeal on the
theory that the vendees made their own investigation before the
purchase, since the representations of a vendor, familiar with,
machinery, amount to a warranty, when relied upon by purchasers
unfamiliar therewith, and who are induced to purchase by such
representations.

Appeal from a judgment of the superior court for Yak-
ima county, Rudkin, J., entered July 15, 1903, upon find-
ings in favor of the defendants, after a trial on the merits·
before the court without a jury, dismissing an action upon
a note and mortgage. Affirmed.

*Jones & Guthrie* and *Whitson & Parker,* for appellant,
contended, among other things, that the rule in relation to
the purchase of patent rights is different from the rule
upon the purchase of machinery. A valid patent, without
regard to its pecuniary value, is sufficient consideration for
a promissory note given for the purchase price. *Myers v.
Turner,* 17 Ill. 179; *Hildreth v. Turner,* 17 Ill. 184; *Wil-
son v. Hentges,* 26 Minn. 288, 3 N. W. 338; *Nash v. Lull,*
102 Mass. 60, 3 Am. Rep. 435; *Howe v. Richards,* 102
Mass. 64; *Van Norman v. Barbeau,* 54 Minn. 388, 55 N.
W. 1112; *Fair v. Shelton,* 128 N. C. 105, 38 S. E. 290;
*Tod v. Wick Bros. & Co.,* 36 Ohio St. 370; *Davis v. Gray,*

[1]Reported in 79 Pac. 30.

17 Ohio St. 330; *McKinzie v. Bailie,* 7 Ohio Dec. 607; *Crowe v. Eichinger,* 34 Ind. 65; *Cansler v. Eaton,* 55 N. C. 499; *Rockafellow v. Baker,* 41 Pa. St. 319, 80 Am. Dec. 624 (a case squarely in point); *Hunter v. McLaughlin,* 43 Ind. 38. The answer set up failure of consideration, not want of consideration; the defense of want of consideration, relied upon, is not established where the vendee gets all he contracted for. Am. & Eng. Ency. Law, p. 780 (2d ed.); *Baker v. Roberts,* 14 Ind. 552; *Williamson v. Hitner,* 79 Ind. 233; *Chicago etc. R. Co. v. Derkes,* 103 Ind. 520, 3 N. E. 239; *Scott v. Scott,* 105 Ind. 584, 5 N. E. 397; *Johnston v. Smith,* 86 N. C. 498; *Detrick v. McGlone,* 46 Ind. 291. Fraud is not established where the representations were honestly believed to be true. Benjamin, Sales (3d Am. ed.), § 429; *Cooper v. Lovering,* 106 Mass. 79; *Brown v. Castles,* 11 Cush. 351; *Russell v. Clark,* 7 Cranch 69; *Dilworth v. Bradner,* 85 Pa. St. 238; *Duff v. Williams,* 85 Pa. St. 490; *Eldridge v. Young Am. Min. Co.,* 27 Wash. 297, 67 Pac. 703. A design to deceive must be proved by other evidence than the mere fact that the representations were not true. *McDonald v. Trafton,* 15 Me. 225; *McKown v. Furgason,* 47 Iowa 636.

*Frank D. Nash,* for respondents, upon the point that the representations constituted fraud, whether or not they were knowingly made or intentionally false, cited: *Grosh v. Ivanhoe Land etc. Co.,* 95 Va. 161, 27 S. E. 841; *Riggs v. Thorpe,* 67 Minn. 217, 69 N. W. 891; *Beetle v. Anderson,* 98 Wis. 5, 73 N. W. 560; *Baum v. Holton,* 4 Colo. App. 406, 36 Pac. 154; *Carter v. Cole* (Tex. Civ. App.), 42 S. W. 369; *Braley v. Powers,* 92 Me. 203, 42 Atl. 362; *Litchfield v. Hutchinson,* 117 Mass. 195; *Foulks Accelerating etc. Co. v. Theis,* 26 Nev. 158, 65 Pac. 373; *Fargo*

*Gas & Coke Co. v. Fargo Gas & Elec. Co.,* 4 N. D. 219, 59 N. W. 1066; *Stewart v. Wyoming Cattle Ranche Co.,* 128 U. S. 383, 9 Sup. Ct. 101.

PER CURIAM.—The plaintiff brought its action in the superior court of Yakima county, to recover a judgment on a note for $3,000, dated October 1, 1892, executed by the defendant E. S. Callendar, payable to the order of Albert T. Linderman, with interest at eight per cent, and to foreclose a mortgage executed by the defendants Elisha and Clara J. Callendar, on certain lots in North Yakima, given to secure the same. Plaintiff held by assignment from Linderman. Defendants answered separately, all of them placing in issue the execution of the note, the giving of the mortgage, and the payment of certain taxes upon the mortgaged property. Certain questions are discussed in this case, with relation to the responsibility of the defendant Clara J. Callendar, and the substitution of one note for another, which, with the view we take of the main question on its merits, it is not necessary to decide.

The defendant Elisha S. Callendar affirmatively pleaded, that in the year 1892, and on or about August 18, the said Linderman, claiming to be the owner and patentee of certain patents for certain improvements in making packing boxes, and in machines for making said boxes, and corner fasteners for the same, entered into an agreement with the said Callendar and one C. W. Whedon, who contemplated engaging in the business of manufacturing boxes at Tacoma, by the terms of which said Linderman was to sell, and Callendar and Whedon and one Charles A. Wood were to buy, the exclusive right to the use of the machinery and improvements, and to manufacture the boxes, in Washington, Oregon, California, and

Alaska, the interest of Wood being held in trust for one O. C. Fenlason; that the consideration of the sale was the sum of $25,000, to be paid by Whedon and Callendar; that to induce them to enter into the agreement, Linderman, at the time of its execution and prior thereto, falsely represented to the said defendants that the boxes would be lighter in weight than boxes made by any other methods; that the cost of manufacture would be one-third to one-half less than the cost of boxes manufactured by the usual methods; that they would be stronger and firmer than boxes made by the ordinary methods, and by the use of the corner fastener invented, boxes could be made quicker and be firmer than boxes made by the ordinary methods; that they would be suitable for the commercial trade; and, relying upon the said representations, and being unfamiliar with the business of manufacturing boxes themselves, they entered into the agreement to purchase the right to the use of said machinery and improvements and inventions in the territory aforesaid; that, in pursuance of the agreement, said defendants paid said Linderman the sum of $7,000 in cash; that other payments were made; that Callendar, as a payment on the balance owed by him, executed a promissory note for $3,000, which is the note sued upon.

The pleadings and the arguments of counsel and the testimony in this case go very circumstantially into the description of these boxes, but it is sufficient to say that it was the claim of the defendant that the machinery purchased would not make the character of box which Linderman represented that it would make, and that, after great expense, in addition to the purchase price, in attempting to manufacture a merchantable box, the enterprise was abandoned   This, in substance, is the issue upon which the cause was tried.   There can be no question

from the testimony that the character of box which was intended to be manufactured could not be manufactured by the machinery purchased; so that the whole question relates to the character of the representations made by Linderman, and the motives which induced the purchase on the part of the defendant—in other words, whether he purchased upon the representations made by Linderman, or upon investigations set on foot by himself.

The court found that, to induce the defendant Callendar to purchase the right to manufacture and sell said boxes and use said machinery and inventions, said Linderman, at and before the execution of said contract of sale of said patents and rights, represented to said Whedon and said Elisha S. Callendar that he had thoroughly tested said machinery and fastener invented by him—it may be said here that the principal controversy is over the metallic fastener which was to fasten the box without the use of nails—and that said machinery would, when said fastener was folded over, make a firm grip and hold the parts firmly in position; and that such representations were false, in that the parts would not fit closely and perfectly together, and in other respects more minutely set forth in the findings of fact; also found that Linderman represented that such box would be lighter in weight, and more quickly made than other boxes, but found that such box could not be made quicker than, or as quickly as, other boxes made in the usual manner; that they could not be made to cost one-third to one-half less than boxes made in the usual way, and could not be made at any less cost; that said boxes could not be used over and again, but, on the contrary, could not be used at all, as when put together the parts could not be made to fit; that they were not firm and strong, and were totally unfit for trade and commercial purposes, and when put together were weak

and wobbly and wholly unsalable, and that said machinery was fatally and inherently defective, and could not be made to produce a perfect or salable box; that said Linderman devised and invented said machinery and improvements and corner fasteners for the express purpose of manufacturing said boxes; that he was a practical mechanic, familiar with all parts of said machinery; that neither defendant Elisha S. Callendar, nor said Charles W. Whedon, was familiar with machinery, and they had no knowledge, or means of knowing, how said machinery would work, except the representations of said Linderman; that said Elisha S. Callendar relied upon the statements and representations made by said Linderman, and, if such representations had not been made, he would not have entered into said agreement and purchased such rights and inventions; that, so relying, he entered into the contract and executed the note and mortgage sued upon. Other findings were made to the same effect. And as conclusions of law, it was found that plaintiff was not entitled to a judgment against any of the defendants upon the note or demand in suit; was not entitled to a decree foreclosing the mortgage set out in the amended complaint; that defendants were entitled to a decree dismissing this action, and adjudging that the note and mortgage described and set out in the amended complaint, and the claim and demand of plaintiff, were void and of no legal force; that the same were given without any legal consideration therefor, and did not constitute a lien upon the premises described in said mortgage; that said mortgage be discharged of record. It was further found that defendant Savings Investment Union was the owner of the premises described in said mortgage, free and clear of the lien of said mortgage. It should have been said in the statement that the defendant Savings Investment

Union, a corporation, had become a subsequent purchaser of the land mortgaged. It was also found, as a conclusion of law, that plaintiff was entitled to have the sum of $479.50, together with interest thereon from the 18th day of May, 1899, at the rate of six per cent per annum, paid to it on account of taxes paid by it on said property on the 18th day of May, 1899, and a decree was entered in accordance with the aforesaid findings and conclusions.

We have given particular attention to the testimony in this case, for it is a character of case upon which it is difficult to reach a determination. It is earnestly contended by the appellant that the respondent Callendar made this purchase, not upon the representation of Linderman, but upon an examination of the machinery made by himself and Fenlason, a man of some skill in mechanics and a practical box maker, who accompanied him to the factory of Linderman, where the sale was made. But, from an examination of all the testimony in the case, we are unable to say that the findings made by the trial judge were not borne out and supported by the testimony, and that, had it not been for the enthusiastic representations made by Linderman, this defendant, at least would not have made the purchase. It is unnecessary to cite authorities in this case, for it has already been established by this court, in accordance with the great weight of authority, in *Huntington v. Lombard,* 22 Wash. 202, 60 Pac. 414, that where one who is not familiar with machinery is dealing with one who is, the representations of the seller amount to a warranty of the machinery, whether so intended by him or not, if the purchaser relied on such statements as a warranty and was induced thereby to make the purchase.

The findings of fact being justified by the testimony, and the conclusions of law being justified by the findings of fact, the judgment is affirmed.