JAMES S. ELLISON *vs.* PHILIP SIMMONS.

*Assumpsit—Sale of Horse—Warranty—Words necessary to create—Breach of the Warranty—What defendant must prove—Damages.*

1.  No particular words are necessary to create a warranty. Every affirmation made by the seller, as a fact, at the time of a sale, and as an inducement to the sale, if relied upon by the buyer, amounts to a warranty. Whatever representations are made by the seller at the time of the sale as to the quality of the article offered for sale is an express warranty.

2.  To defeat the plaintiff's right to recover on a note given for the price of a horse, on the ground of a breach of warranty, the defendant must prove, (1) That at the time of the sale the horse was warranted to be sound; (2) That there has been a breach of the warranty,—that is, that the horse was not then sound; and (3) That he has sustained damages by reason of such breach.

3.  Any disease or infirmity of a horse, not visible and palpable, at the time of sale, which impaired his value or usefulness, would constitute unsoundness, and, whether known to the plaintiff or not, would constitute a breach of a warranty of soundness. The measure of damages would be the difference between the value of the horse in his unsound condition, and his value if he had been sound, at the time of sale.

*(December* 14, 1906.)

LORE, C. J., and SPRUANCE and BOYCE, J. J., sitting.

*Horace G. Eastburn* for plaintiff.

*T. Bayard Heisel* for defendant.

Superior Court, New Castle County, November Term, 1906.

ACTION OF ASSUMPSIT (No. 35, May Term, 1906).

The facts appear in the charge of the Court.

BOYCE, J., charging the jury:

Gentlemen of the jury:—This is an action of assumpsit on a promissory note, drawn by Philip Simmons, the defendant, on March 9th, 1905, for the sum of $172.12, payable, eight months after date, to the order of D. W. Cush, at the Delaware City National Bank. It is admitted that the said note was made by the defendant; that it was endorsed by the said D. W. Cush as an accommodation endorser; and that it was delivered to and accepted by James S. Ellison, the plaintiff, in payment of certain articles of personal property, including a brown mare, sold by the plaintiff at public auction, to the defendant. It is likewise admitted that the note was not paid at maturity but was protested at said bank. The plaintiff seeks to recover the amount for which the note was given with interest thereon from the ninth day of November, 1905, amounting to the sum of $11.32, and the costs of protest being $1.71, aggregating the sum of $185.15.

A negotiable instrument, such as sued upon in this action, imports a consideration and generally the holder need not prove value. But as between the parties, or as between the maker and third persons with notice, want of consideration may be shown.

The defendant admits that he owes the sum of $40.12, part of the note, and he avers that he has been and is still ready to pay the said sum to the plaintiff, and he has shown to the Court that he has paid said sum into Court to abide the result of this

suit, but he contends that the plaintiff ought not to have or maintain his action against him, except as to the said sum of $40.12, because, as he alleges, there was a failure in part of the consideration of said note in that the mare purchased by him, the defendant, from the plaintiff for the sum of $132, it being a part of the consideration of said note, was at and immediately before the said sale warranted by the plaintiff to the defendant to be sound, when in fact, the defendant alleges, the mare was and still is not sound. And the defendant contends that by reason thereof the mare became and is of no use or value to him. The controversy between the parties is, therefore, confined to the alleged warranty respecting the mare at the time of the said sale and her condition and value at that time. The defendant claims that when the mare was offered for sale, William L. Ellison, a brother of the plaintiff, representing the latter at the sale, said: "The mare is sound. She is all right. When I say sound I mean sound," or words to that effect, and that in purchasing the mare he relied upon the representations so made.

The plaintiff denies that the mare was not sound at the time of the sale.

No particular words are necessary to create a warranty. Every affirmation made by the seller, as a fact, at the time of a sale, and as an inducement to the sale, if relied upon by the buyer, amounts to a warranty. This Court has held that whatever representations are made by the seller at the time of the sale as to the quality of the article offered for sale is an express warranty.

If William L. Ellison was the representative and agent of the plaintiff at said sale and if when he offered the mare for sale he warranted her to be sound, such warranty would bind the plaintiff.

To defeat the plaintiff's right to recover any part or all of the $132, part of the consideration of said note, it is incumbent upon the defendant to satisfy you by a preponderance of the evidence (1) that at the time of said sale the mare was warranted to be sound; (2) that there has been a breach of the warranty

—that is, that the mare was not then sound; and (3) that he has sustained damages by reason of such breach.

Any disease or infirmity of the mare not visible and palpable, at the time of the sale, which impaired her value or usefulness would render her as not sound, and, whether known to the plaintiff or not, would constitute a breach of the alleged warranty.

If you are satisfied from the evidence that the mare was, at the time of the sale, warranted to be sound and that at that time she was not sound, whether the plaintiff knew it or not, he would be bound by the warranty, and the defendant would be entitled to a reduction in the note sued upon, to the amount of his damages sustained by reason thereof. And the measure of damages would be the difference between the value of the mare in her unsound condition and her value if she had been sound, at the time of the sale.

Under the pleadings and admissions in this case, it is incumbent upon you to find a verdict for the plaintiff in the sum of $40.12, together with such additional sum, if any, as you may conclude from all the evidence he is entitled to receive from the sale of the mare, with interest from the ninth day of November, 1905.

You are the judges of the weight and value of the evidence. Where there is conflict in the testimony, you should reconcile it if you can. If you cannot, you should give credit to the testimony which, in your judgment, is most worthy of belief, taking into consideration the intelligence, apparent truthfulness, and impartiality of the witnesses.

Governed by this instruction, you should decide the questions in controversy in favor of the party in whose favor the evidence preponderates.

Verdict for plaintiff for $67.95.