[No. 12514.   Department One.   September 27, 1915.]

CARVER-SHADBOLT COMPANY, *Appellant,* v. NORMAN LOCH et al., *Respondents.*[1]

SALES—WARRANTIES—"SELLER'S PRAISE."   A representation made upon selling a hay stacker that it would stack hay from fifty cents to one dollar cheaper than a "T" stacker, in use by the vendee, cannot be held to be a warranty, but is a mere expression of opinion constituting "seller's praise," and not actionable (CHADWICK, J., dissenting).

Appeal from a judgment of the superior court for Yakima county, Preble, J., entered March 19, 1914, upon the verdict of a jury rendered in favor of the defendants, in an action on a promissory note.   Reversed.

*George B. Holden,* for appellant.

*G. G. Lee,* for respondents.

[1]Reported in 151 Pac. 787.

MOUNT, J.—This action was brought to recover upon a promissory note for $227.50, executed by the respondents on May 29, 1912, and due on October 1 of the same year. The defendants answered, admitting the execution and delivery of the note, and as an affirmative defense, alleged a failure of consideration, for the reason that the note was given in part payment of a hay stacker which was warranted to stack hay at fifty cents to a dollar per ton cheaper than an old style "T" stacker; that by reason of the failure of the warranty and an offer to return the stacker, there was nothing due on the note.

The main question in the case is whether there was a warranty. The appellant argues that there was not sufficient evidence of a warranty to be submitted to the jury, and that the court should, therefore, have directed a verdict in favor of the plaintiff. It is conceded that, on the date the note was given, the plaintiff sold to the defendants a Jenkins mammoth automatic hay stacker and three Buck rakes, for the sum of $297.50; that, as a part payment of the purchase price of this hay stacker, the plaintiff agreed to, and did, take what is known as a "T" stacker, for which the defendants were allowed a credit of $70. The note sued upon was given as the balance of the purchase price.

In his defense Mr. Loch testified as follows:

"In April, 1912, Mr. Kline came to my place selling Jenkins automatic stackers and Buck rakes. He had a list of figures showing the price of two different ways of stacking hay, with the Jenkins stacker and with the old "T" stacker. He said the Jenkins stacker would stack hay from fifty cents to $1 a ton cheaper than my old way. . . . I told Mr. Kline it was too early in the season to begin to talk about stacking hay. I would see him later on, and in about three weeks he came back and wanted to know what I thought about the Jenkins stacker. I hadn't thought much more about it and he offered to take my old stacker in for $70; and later on I saw Mr. Carver, president of the company, at Wapato, and told him I would trade that way. I knew noth-

ing about the Jenkins stacker except what he told me, and it was upon his recommendation that I purchased it."

Later, upon cross-examination, he testified as follows:

"Mr. Kline said the Jenkins stacker would stack hay from fifty cents to $1 a ton cheaper than the "T" stacker.  Q. That is the exact language, as near as you can remember it, is it? A.  Well, somewheres near that."

It is argued by the appellant that, conceding the testimony of the respondent Mr. Loch to be true, the statements therein made do not constitute a warranty, and that it was the duty of the court to so instruct the jury, and to direct a verdict in favor of the plaintiff for the amount due upon the note.  We think this contention must be sustained. The rule seems to be that:

"Representations which merely express the vendor's opinion, belief, judgment, or estimate do not constitute a warranty.  Nor can a warranty be predicated on statements which are at most merely matters of commendation, such representations falling within the maxim *simplex commendatio non obligat*.  There must be an affirmation as to the quality or condition of the thing sold, not asserted as a matter of opinion or belief, made by the seller at the time of the sale, for the purpose of assuring the buyer of the truth of the fact affirmed and inducing him to make the purchase, which is so received and relied on by the purchaser.  No expression of opinion, however strong, would import a warranty."  35 Cyc. 383.

In the case of *Smith v. Bolster*, 70 Wash. 1, 125 Pac. 1022, where Smith had sold a second-hand automobile to Bolster, with the statement that the car was "in first-class condition, as good as any new car;" and that he "guaranteed the car to go eleven miles to a gallon of gasoline on an average," we held that these statements did not constitute a warranty, but were mere expressions of opinion, or what the law sometimes terms seller's praise.  Under the rule in that case, it seems plain that the statement, to the effect that the stacker in this case would stack hay at from fifty cents to a dollar

a ton cheaper than the old way, cannot be held to be a warranty. It was, therefore, the duty of the trial court to have taken the case from the jury and direct a verdict in favor of the plaintiff.

The judgment appealed from is therefore reversed, and the cause remanded with direction to the trial court to enter a judgment in favor of the appellant for $227.50 and interest, and a reasonable attorney's fee, as provided for in the note.

MORRIS, C. J., and HOLCOMB, J., concur.

CHADWICK, J. (dissenting)—It is my judgment that the court has misapplied the principles relied on in this case. If a man sells a thing to another and represents that it will do the work at a less cost than some other machine or appliance, it may be the representation is but an expression of opinion or seller's praise and not a warranty, but the exceptions to the established rules of law are quite as important as the rules themselves, and when the facts warrant their application, are as controlling as the primary rules.

It seems to me that the facts take this case out of the general rule. The defendant owned and was using a "T" stacker. So far as the testimony shows, it was meeting every requirement of his business. The agent of plaintiff went to him and, by the representations which are set out in the opinion of the court induced him to give up the old stacker and buy a Jenkins automatic stacker and three Buck rakes. The giving up of the old is a part of the transaction as material to the issue in this case as was the purchase of the new machine. When a machine is in use and the owner is induced to purchase another upon the representation that it will do better work and at less cost than the one then owned by the vendee, I think it is a warranty and that the seller is bound by his representation. I have not the time to go into the subject at any great length, but the idea I have advanced is well sustained by authority.

The case of *Hazelton Boiler Co. v. Fargo Gas & Elec. Co.*, 4 N. D. 365, 61 N. W. 151, is directly in point. Then, again, the rule of the earlier cases, that the question of whether there is a warranty in a given case will be measured by the words of the parties and determined as a matter of law, has given way to the better rule, which is sustained by all modern authority, that whether a positive affirmation of a material fact made as an inducement to a trade, when accepted and acted upon by the vendee, is a warranty is a question for the jury, whether the vendor mentally intended to warrant or not. *Shippen v. Bowen*, 122 U. S. 575; *Huntington v. Lombard*, 22 Wash. 202, 60 Pac. 414; *Northwestern Lumber Co. v. Callendar*, 36 Wash. 492, 79 Pac. 30.

In the latter case we said:

"Where one who is not familiar with machinery is dealing with one who is, the representations of the seller amount to a warranty of the machinery, whether so intended by him or not, if the purchaser relied on such statements as a warranty and was induced thereby to make the purchase."

In the case at bar, it would seem idle to contend that the purchaser did not rely upon the statements as a warranty. It is not a case where the seller sought out a prospective purchaser and represented that his machine would do better work and at less cost than a "T" stacker. The prospective purchaser had, and was using, a "T" stacker. He gave it up solely on account of the representations of the seller that the article offered would work a saving over the one in use. The representation was made as an inducement to the trade, and with an intent that it should be acted upon. The case was one for the jury, and the judgment should be affirmed.

For these reasons, I dissent from the opinion of the majority.