# INTERNATIONAL HARVESTER CO. v. LAWYER.

No. 6153.   Opinion Filed February 1, 1916.

Rehearing Denied March 7, 1916.

(155 Pac. 617.)

1. **SALES—"Warranty."** "Warranty" is a matter of intention. A decisive test is whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion, or his judgment, upon a matter of which the vendor has no special knowledge, and on which the buyer may also be expected to have an opinion and to exercise his judgment. In the former case there is a warranty; in the latter case there is not. Benjamin on Sales, sec. 932.

2. **SAME—Statements of Seller.** The buyer knew nothing about the capacity of the automobile purchased. The seller was an expert in the handling of automobiles, and was engaged in the business of demonstrating and selling the same. **Held,** a statement made by the seller that the automobile could be driven over the roads in a certain vicinity satisfactorily constituted a warranty, and was not the expression of a mere opinion.

3. **PRINCIPAL AND AGENT—Implied Authority of Agent—Warranty.** Where an agent is sent into a community to introduce a new and unproven automobile as to that community, the agent's authority to sell, no restrictions to the contrary appearing, carries with it the implied power to warrant it to be suitable for the purpose intended.

4. **SALES—Warranty—Waiver.** An oral warranty of the fitness of the automobile for a certain territory was made by the agent of

the company to the local dealer. The local dealer made the same oral warranty to the purchasers from him. When the automobiles sold by the local dealer were delivered by the company to the purchasers, the company had these purchasers sign an order for the same, which written order stipulated that there was no warranty of the automobile except as set out in the written order. **Held,** the local dealer, not having authorized the purchasers to sign such an order for him, and having no knowledge that the same had been done, was not bound or precluded by the terms of the written order.

5.     **SAME.** Payment, part payment, or the giving of notes for the purchase price, is not a waiver of a breach of warranty unless an intent to waive such breach is proven.

6.     **APPEAL AND ERROR—Discretionary Ruling—Qualifications of Expert Witnesses.** The ruling of the trial court as to the qualifications of witnesses introduced as experts will not be disturbed on appeal, unless it appears that the court abused its discretion in the matter.

(Syllabus by Mathews, C.)

*Error from District Court, Oklahoma County;*
*W. R. Taylor, Judge.*

Action by J. E. Lawyer against the International Harvester Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*Burwell, Crockett & Johnson,* for plaintiff in error.

*Sam Hooker* and *Grant Stanley,* for defendant in error.

Opinion by MATHEWS, C. The parties will be designated as in the trial court. This action was instituted by the plaintiff to recover damages from the defendant for an alleged breach of warranty in the sale of certain automobiles. The plaintiff based his demand for damages upon his claim that during the year 1910 and following he was an implement dealer at Maud, Okla., and that the defendant, knowing his desire to purchase an automobile suitable to the Maud territory to sell to his customers,

sold to plaintiff four automobiles, which its agent orally warranted to be fit for use in that territory; that he sold three of said automobiles to customers, but was compelled to retake possession thereof on account of the unfitness of said automobiles for the roads in and around Maud, and so lost the amount paid for same, and that for the same reason he was unable to sell the other automobile. Defendant's defense was, in substance, that the automobiles were not defective; that there was no oral warranty, but that the contract was in writing, which contained the entire warranty; that said automobiles were not returned; that full payment was made after the same had been in use for more than a year, and that two of the automobiles were not sold to plaintiff, but to third parties. The action was tried to the court without a jury, whose findings were in favor of plaintiff.

The plaintiff testified at the trial that the agent of defendant represented to him that the automobiles he was trying to sell him would go over the roads around the town of Maud, and would go anywhere a team of mules could be driven, and that a local physician, who was contemplating buying one, could use it in his practice instead of a team. The defendant urges that these and similar statements, as testified to at the trial, do not constitute a warranty, and were not statements of fact, but the expression of an opinion.

It is one of the difficult problems in the law to be able, with any degree of certainty, to determine in many instances whether a statement made in the negotiation of a trade is merely the expression of an opinion, just "trade talk," or constitutes a binding warranty. The opinions of the different jurisdictions are not in accord on this subject, and the counsel on each side of this controversy have

assembled a strong array of authorities which apparently uphold their side of the question. The defendant cites *Smith v. Bolster,* 70 Wash. 1, 125 Pac. 1022; *Gaar, Scott & Co. v. Halverson,* 128 Iowa, 603, 105 N. W. 108; *Richardson v. Coffman,* 87 Iowa, 121, 54 N. W. 356; *Clark v Ralls,* 50 Iowa, 275; *Woodbridge v. Brown,* 149 N. C. 299, 62 S. E. 1076. The plaintiff cites Mechem on Sales, vol. 2, p. 1243; 30 Ency. of Law, p. 142; *Whitehead v. Ryder,* 139 Mass. 366, 31 N. E. 736; *Huntington v. Lumbarg,* 22 Wash. 202, 60 Pac. 414; *Elkins v. Kenyon,* 34 Wis. 93; *N. W. Lumber Co. v. Callendar,* 36 Wash. 492, 79 Pac. 30; *Gould v. Stein,* 149 Mass. 570, 22 N. E. 47, 5 L. R. A. 213, 14 Am. St. Rep. 455; *Tacoma Coal Co. v. Bradley et al.,* 2 Wash. 600, 27 Pac. 454, 26 Am. St. Rep. 890; *Barnum Wire & Iron Works v. Seley,* 34 Tex. Civ. App. 47, 77 S. W. 827; *Brown v. Freeman,* 79 Ala. 406; *Frey v. Failes,* 37 Okla. 299, 132 Pac. 342; 35 Cyc. 381.

After a careful examination of the above-cited authorities, we conclude that warranty is a matter of intention. A decisive test is whether the vendor assumes to assert a fact of which the buyer is ignorant, or merely states an opinion, or his judgment, upon a matter of which the vendor has no special knowledge, and on which the buyer may also be expected to have an opinion and to exercise his judgment. In the former case there is a warranty; in the latter case there is not. Benjamin on Sales, sec. 932. Applying this test to the case at bar, we conclude that the foregoing statements, and many similar statements as shown by the record, made by the agent of defendant to plaintiff, constituted warranties.

The evidence shows that the plaintiff knew nothing about automobiles at the time, and was not informed as to the ability of the same to negotiate the roads in that

vicinity. He had no judgment upon the matter to exercise, and could but rely upon the statements of defendant's agent. On the other hand, the said agent was an expert in the handling of automobiles, and was engaged in the business of demonstrating and selling the very automobiles he was then endeavoring to sell plaintiff.

The defendant next urges that no evidence was introduced by the plaintiff to show the nature or extent of the authority of defendant's agent, which is true, and advances the legal proposition that, to bind the principal, it must be shown that the agent had express authority to warrant, or that it was usual or customary to give a warranty in the sale of the particular property in question. On the other hand, the plaintiff contends that an agent who is authorized to sell is authorized to make a warranty. As in the proposition last discussed above, we again find the authorities irreconcilable, and the attorneys upon both sides with unusual ability and diligence present us in their briefs with many cases supporting their respective contentions. The defendant cites the following: Williston on Sales, sec. 445; Tiedeman on Sales, sec. 183; 30 Ency. of Law, 165; 31 Cyc. 1353; *Pickert v. Marston,* 68 Wis. 465, 32 N. W. 550, 60 Am. Rep. 876; *Pennsylvania & Delaware Oil Co. v. Sptelnik,* 27 Misc. Rep. 557, 58 N. Y. Supp. 311; *Ellner v. Priestley,* 39 Misc. Rep. 535, 80 N. Y. Supp. 371; *Bierman v. City Mills Co.,* 151 N. Y. 482, 45 N. E. 856, 37 L. R. A. 799, 56 Am. St. Rep. 635; *Herring v. Skaggs,* 62 Ala. 186, 34 Am. Rep. 4; Benjamin on Sales. sec. 945; *Reese v. Bates,* 94 Va. 321, 26 S. E. 865; *Westurn v. Page,* 94 Wis. 251, 68 N. W. 1003; *Hyner v. Churchill,* 29 Mo. App. 676; *Upton v. Suffolk County Mills,* 11 Cush. (Mass.) 586, 59 Am. Dec. 163. The plaintiff cites the following: 31 Cyc. 1355; 30 Am. & Eng. Ency. of Law, 163; Mechem

on Agency, sec. 348; *Schuchardt v. Allen,* 1 Wall. (U. S.) 359, 17 L. Ed. 642; *Talmage v. Bierhause,* 103 Ind. 270, 2 N. E. 716; *Gaar, Scott & Co. v. Patterson,* 65 Minn. 449, 68 N. W. 69; *Williamson v. Canaday,* 25 N. C. 349; *Hunter v. Jameson,* 28 N. C. 252; *Alpha Mills v. Watertown Steam Engine Co.,* 116 N. C. 797, 21 S. E. 917; *Dayton v. Hooglund,* 39 Ohio St. 671; *Exell v. Franklin,* 34 Tenn. (2 Sneed) 236; *Skinner v. Gunn,* 9 Port. (Ala.) 305; *Cooke v. Campbell,* 13 Ala. 286; *Dennis v. Ashley's Adm'rs,* 15 Mo. 453; *Franklin v. Exell,* 33 Tenn. (1 Sneed) 497; *Bradford v. Bush,* 10 Ala. 386; *Cochran v. Chitwood,* 59 Ill. 53; *McCormick v. Kelly,* 28 Minn. 135, 9 N. W. 675; *Flatt v. Osborne,* 33 Minn. 98, 22 N. W. 440; *Tice v. Gallup,* 2 Hun, 446; *Loomis Milling Co. v. Vawter,* 8 Kan. App. 437, 57 Pac. 43; *Belmont's Ex'r v. Talbot.* (Ky.) 51 S. W. 588; *Hille v. Adair* (Ky.) 58 S. W. 697; *Ellison v. Simmons,* 6 Pennewill (Del.) 200, 65 Atl. 591; *Haynor Mfg. Co. v. Davis,* 147 N. C. 267, 61 S. E. 54, 17 L. R. A. (N. S.) 193; *Laumeler v. Dolph,* 145 Mo. App. 78, 130 S. W. 360; *Park v. Brandt,* 20 Idaho, 660, 119 Pac. 877.

In the case at bar, the defendant was seeking to introduce an automobile, untried and unproven in that particular section, and it seems most reasonable to presume that an agent, endeavoring to obtain some one who would stand sponsor for it there, owing to a general custom, had the implied power to warrant the same. If the reputation of the automobile in that vicinity had been so well established that it had become a staple, then this rule might not apply, but we believe it does apply most certainly when an untried article is sought to be introduced in a new field.

The defendant states its next assignment of error as follows:

"The only testimony introduced on behalf of defendant in error in order to establish damages was as to the value of the machines delivered. No evidence whatever was introduced to show what the machine would have been worth had it been in the condition as it was alleged to have been warranted. The defendant in error .evidently went on the theory that the measure of damages was the difference between the purchase price and the actual value of the cars as delivered. This is not the rule as laid down in our statute and by the decisions of this court. The measure of damages as laid down in section 2865 of the Revised Laws of Oklahoma is as follows: 'The detriment caused by the breach of a warranty of the quality of personal property is deemed to be the excess; if any, of the value which the property would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time'."

This is a fair recitation of the evidence upon the part of the plaintiff and a correct statement of the law, but we are of the opinion that defendant supplied the necessary evidence to sustain the verdict in this case by introducing several witnesses, who testified as to the actual value of the automobiles at the time of the sale.

The next contention of defendant is that in the purchase of the automobiles in controversy the defendant gave a written warranty of the following tenor:

"The International Harvester Company of America, a corporation, hereby warrants the auto vehicle herein ordered, to be well made of good material, and hereby agrees to replace free of charge, any broken parts that are defective, except tires, on which there is no warranty, provided they break or prove defective within sixty (60) days from the receipt of the auto vehicle by the purchaser, and said company is promptly requested to supply the new part, but not otherwise. Provided also that the defective part is delivered at the same time said request is

made, to the dealer from whom it was purchased. This express warranty excludes all implied warranties, and no dealer has authority to change or modify this warranty and agreement."

It seems that upon the delivery of each of the automobiles the defendant had the party to whom the same was sold sign an order therefor, which contained the warranty above set out, which defendant claims superseded all prior oral warranties, even if there had been such made, which is denied. On the other hand, it is plaintiff's theory that the warranty made to him by defendant was oral, and that he was not connected with the giving or accepting the said written warranty, was not informed and did not know of the existence of the alleged written warranty, and was not bound or precluded thereby; that he purchased each of the automobiles direct from defendant upon the oral warranty made to him, and that he, in turn, made the same warranty to each of said purchasers, and that he had been called upon by said purchasers to make good his warranty, which he had done in each instance, and therefore defendant was liable directly to him upon its oral warranty. Two of the automobiles purchased were delivered direct to the purchaser, and a third one, sold by plaintiff, was delivered to plaintiff, who in turn delivered it to the purchaser, and the fourth auto was turned back to plaintiff by the intended purchaser, he refusing to accept the same, and the plaintiff signed the order for this automobile, the defendant claiming that he signed it at the time it was delivered, and the plaintiff claiming that he signed it long after its delivery. As to the third automobile, which was delivered to a party sent by plaintiff to Oklahoma City to receive the same from defendant at its place of business there, the order was signed

by this party for plaintiff. Evidence was given upon the part of defendant that it had phoned plaintiff at that time, and he had said that this party had authority to sign the order for him, but plaintiff denied the party's authority to sign the order for him, and said he knew nothing about such a telephone conversation as detailed by a witness for defendant. All of the matters here presented were questions of fact for the decision of the trial court. While no findings of fact were made by him, yet, the general verdict being in favor of plaintiff, this carried with it the findng of all disputed questions of fact necessary to sustain the verdict in favor of the plaintiff, and these were that as to the two cars delivered direct to the purchasers the sales were in reality made to the plaintiff and sales made by him to these parties, and, as to the third car, that the party sent to receive the same had no authority to sign plaintiff's name to the order, and, as to the fourth car, that plaintiff signed the order after this car had been delivered to him upon the oral warranty, and that he was not bound by his signing the order for the reason that there was no consideration for the same.

In the case at bar the plaintiff, being a hardware and implement dealer, had a contract with defendant to handle implements and machinery put out by defendant, and about a year after purchasing the four automobiles from defendant he had a final settlement with defendant, and gave defendant a note in payment of the balance due defendant on account. Three of the automobiles were purchased upon account, and were carried in the said account, settled by note, as above stated. The notes given in settlement of the account were paid in full before the institution of this action, and it is admitted that no claim was made for damages at any time until this action was brought. Did

this operate as a waiver of said damages? Our own court has never passed directly upon this question, and we find the authorities in the other jurisdictions not in accord. Upon a breach of warranty in the sale of an article, the purchaser has two remedies: (1) He may rescind by promptly returning the article in a reasonable time after discovering the defect, and recover the consideration paid, or offer to restore the same on condition that the seller refund what has already been paid; or (2) he may keep the article and recover in damages the difference between what the article would have been worth if it had been as represented and its actual value. The plaintiff in the case at bar has adopted the latter remedy, but the defendant says he has waived all claim for damages in paying for the automobiles without setting up any claim for damages for breach of warranty. We believe the following authorities state the more reasonable rule:

"The fact that the buyer, after having used the property for some time, pays the purchase money due, or excutes his notes therefor, does not operate as a waiver of his right of action for a breach of warranty." (30 Am. & Eng. Ency. of L. p. 183.)

"Under some jurisdictions, the payment of the purchase price or the giving of a note therefor, with knowledge of defects constituting a breach of warranty, is regarded as a waiver of breach, and even a promise to pay has been given like effect, especially when accompanied by an extension of time; but, according to the weight of authority, payment, part payment, or the giving of notes for the purchase price is not a waiver of a breach of warranty unless an intent to waive such breach is proven. * * * "

(35 Cyc. 433; *Spaulding Mfg. Co. v. Holiday,* 32 Okla. 823, 124 Pac. 35; *Osborne & Co. v. Walther,* 12 Okla. 20,

69 Pac. 953; *Fairbanks, Morse & Co. v. Baskett,* 98 Mo. App. 53, 71 S. W. 1113; *Wheelock v. Berkley,* 38 Ill. App. 518.)

The defendant complains of the ruling of the court in admitting the testimony of certain witnesses relative to the value of the automobiles, claiming that said witnesses did not show sufficient knowledge on that subject to qualify as expert witnesses thereon. This is a matter that rests within the sound discretion of the trial judge, and his rulings thereon will not be disturbed here unless it appears that he has abused such discretion, and we do not find that he has done so in this instance.

The trial court permitted, over the objection of defendant, a party who purchased one of the automobiles to testify to a conversation he had with plaintiff, wherein witness said that he told plaintiff that he was unable to get the automobile to run, and that he wanted his money back that he had paid out for it. The same witness also testified, over the objection of defendant, that plaintiff did not authorize him to sign a contract when he went after the automobile, and that he had never told plaintiff that he had signed a contract therefor. In line with plaintiff's theory of the case that he, the plaintiff, purchased the automobiles himself and then sold them to the parties upon his own warranty, we believe the admission of this testimony to be proper.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.