PICKERT, Appellant, vs. MARSTON and another, Respondents.

*March 4 — March 22, 1887.*

*Agency: Sale of chattels: Warranty.*

An agent employed to sell has no implied power to warrant unless the sale is one which is usually attended with warranty.

APPEAL from the Circuit Court for *La Crosse* County.

The following statement of the case was prepared by Mr. Justice CASSODAY:

The complaint in this action was, in effect, upon an account for goods, wares, and merchandise sold and delivered by the plaintiff, of Boston, to the defendants at La Crosse, at their request, September 23, 1884, on a credit of sixty days, at the agreed price of $78.25, and which were reasonably worth that sum; that no part of it had been paid, but was due, with interest, from November 23, 1884, for which judgment with costs was demanded. The answer was to the effect that about September 1, 1884, the defendants contracted with the plaintiff to send them a quantity of codfish, which he guarantied should stand shipment and arrive in La Crosse in good, sound, merchantable condition; that when the fish shipped arrived in La Crosse they were spoiled and wholly worthless; that the defendants, supposing them good, paid thereon $20 freight, and that their storage and care thereof was worth $10, and hence counterclaimed $30. The plaintiff, replying, denied the counterclaim. From the judgment in favor of the plaintiff and against the defendants in the justice's court, the latter appealed to the circuit court; and, upon the retrial therein, the jury found for the defendants and assessed against the plaintiff the freight paid to the amount of $10. From the judgment entered thereon the plaintiff appeals.

For the appellant there was a brief by *Bleekman, Tour-*

*tellotte & Bloomingdale,* and oral argument by *Mr. Bleek-man.*    To the point that the agent had no implied authority to warrant unless that was the usage of trade as to the particular class of goods in question, they cited Story on Agency, secs. 60, 87, 96, 106, 225-6; Addison on Cont. sec. 631; Benjamin on Sales, sec. 624; 1 Pars. on Cont. 60, 61; *Atlas Mining Co. v. Johnston,* 23 Mich. 36; *Kornemann v. Monaghan,* 24 id. 36; *McKindly v. Dunham,* 55 Wis. 515; *Komorowski v. Krumdick,* 56 id. 23; *Walls v. Bailey,* 49 N. Y. 464; *F. & M. Nat. Bank of Buffalo v. Sprague,* 52 id. 605; *Lawry v. Russell,* 8 Pick. 360; *Herring v. Skaggs,* 62 Ala. 180; *S. C.* 34 Am. Rep. 4; *Cooley v. Perrine,* 41 N. J. Law, 322; *S. C.* 32 Am. Rep. 210; *Upton v. Suffolk Co. Mills,* 11 Cush. 586; *Jones v. Warner,* 11 Conn. 40; *Goodenow v. Tyler,* 7 Mass. 36.

*C. L. Hood,* for the respondents.

CASSODAY, J.    The evidence is undisputed that the fish were in good condition when shipped to the defendants from Boston, and worthless when they reached the defendants at La Crosse.    The defendants made the contract of purchase at La Crosse with the plaintiff's traveling salesman, who resided at Chicago.    There was evidence tending to prove that the fish shipped were not the fish ordered; and also that by the terms of the contract the fish ordered were guarantied by the traveling salesman to reach the defendants in La Crosse in good merchantable condition. The evidence on the part of the plaintiff was to the effect that the traveling salesman had no authority to make such guaranty, nor any assurance as to the condition in which the fish should be on reaching La Crosse; and that he so informed the defendants about a month prior to the taking of the order in question.    The issue made does not arise between the principal and agent, but between the principal and the defendants who made the contract of purchase

with the agent. The agency and the right to contract for the sale are admitted. But the authority to make the guaranty or warranty is denied. Beyond question, an agent may bind his principal if he does not exceed the power with which he is ostensibly invested, notwithstanding he has secret instructions from his principal to the contrary. *Putnam v. French,* 53 Vt. 402; *Bentley v. Doggett,* 51 Wis. 224; *Bouck v. Enos,* 61 Wis. 664. Assuming that the traveling salesman had no actual authority to make such guaranty or warranty of the fish, then it became important to determine whether his authority to sell or contract for the sale clothed him with an implied authority to make such guaranty or warranty. " The general rule is, as to all contracts, including sales," said a late learned author, " that the agent is authorized to do whatever is *usual* to carry out the object of his agency, and *it is a question for the jury* to determine what is *usual.* If, in the sale of the goods confided to him, it is *usual* in the market to give a warranty, the agent may give that warranty in order to effect a sale." 2 Benj. Sales (4th Am. ed.), § 945, p. 824. The text is supported by the citation of numerous authorities. See *Bayliffe v. Butterworth,* 1 Exch. 425; *Graves v. Legg,* 2 Hurl. & N. 210; *Dingle v. Hare,* 97 Eng. C. L. 145; *Upton v. Suffolk Co. Mills,* 11 Cush. 586, 59 Am. Dec. 163; *Herring v. Skaggs,* 62 Ala. 180, 34 Am. Rep. 4; *Smith v. Tracy,* 36 N. Y. 82; *Ahern v. Goodspeed,* 72 N. Y. 108.

Thus, in *Dingle v. Hare, supra,* ERLE, C. J., observed: " The strong presumption is that when a principal authorizes an agent to sell goods for him he authorizes him to give all such warranties as are *usually* given in the particular trade or business;" and BYLES, J., added: " An agent to sell has a general authority to do all that is *usual* and necessary in the course of such employment." So in *Smith v. Tracy, supra,* PORTER, J., speaking for the court, said: " The rule applicable to such a case is stated with discrimination and

accuracy in our leading text-book (Parsons) on the law of contracts: 'An agent employed to sell, without express power to warrant, cannot give a warranty which shall bind the principal, unless the sale is one which is *usually* attended with warranty.'"

Here the plaintiff offered to prove, by different witnesses having the requisite knowledge, the general custom of the trade as known and universally followed by dealers in fish, as to their being warranted or guarantied against spoiling or turning red in transit; but it was excluded and, as we think, erroneously, under the rules of law above stated. It would seem, however, that to be binding upon the defendants, such custom should be known to them or exist in their section of the country. Thus, in *Graves v. Legg, supra,* it was said by COCKBURN, C. J.: "The only question is whether, when a merchant residing in London contracts with a Liverpool merchant in Liverpool, he is bound by the *usage* of trade at Liverpool. We think that as he employed an agent at Liverpool to make a contract there, it must be taken to have been made with all the incidents of a contract entered into at Liverpool, and one is that notice to the buyer's agent is notice to the principal."

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.

See note to this case in 32 N. W. Rep. 550.— REP.