Ames, Respondent, vs. D. J. Murray Manufacturing Company, Appellant.

*March 12—April 1, 1902.*

*Corporations: Contract of employment: General agent: Authority: Evidence: Instructions to jury: Burden of proof: Custom.*

1. A general agent of a corporation has authority to bind his principal in respect to all the usual means of carrying out the work under his charge.

2. In an action against a corporation for breach of a contract of employment, the evidence, among other things, tended to show that the corporation placed B. as foreman in charge of constructing a mill; that the plaintiff was employed to work for the corporation until the construction of its mill was completed. The contract was made with the foreman, who employed and discharged men and occupied the position of general foreman of the job. *Held*, that it was error to instruct the jury, in substance, that such contract was within the general scope of the foreman's authority, and that evidence that it was not the custom to hire men for definite periods of time in doing such work had no bearing on the question of the foreman's authority, but only on the question as to whether or not the plaintiff was employed as alleged.

3. The burden of proving that such agent had such authority is on the party relying thereon to make out his cause of action.

4. In such case proof of a custom is not to show what the agent did in the course of his agency, but what was within the scope of his authority to do.

Appeal from a judgment of the circuit court for Ashland county: John K. Parish, Circuit Judge. *Reversed.*

Action for damages for breach of contract of hiring for a

definite time. Plaintiff claimed that on October 20, 1898, defendant hired him to work till the succeeding spring at $2 per day, and that in breach thereof, without any just cause, he was discharged December 10, 1898, whereby he was deprived of the opportunity to labor and earn wages for the balance of the term for which he was hired, to his damage in the sum which he might have earned had his contract not been wrongfully broken.

The evidence tended to prove that defendant placed one Burrows in charge of the work of constructing a mill; that Burrows hired and discharged men, and, generally, occupied the position of general foreman of the job; that pretending to have authority from defendant, about November 8, 1898, he offered to give plaintiff employment at $2 per day till the mill job should be completed if the latter would agree to stay right through; that plaintiff accepted such offer and commenced work under the contract thus made; that December 14th he was paid for all work theretofore performed by him, and was discharged without cause; that the work of constructing the mill lasted at least ninety days after such discharge, and that during such time plaintiff was able to and did earn $58 and no more.

The evidence for defendant was to the effect that Burrows did not have authority to hire any person to work on the mill job for a definite time. There was no evidence of any custom to hire laborers for definite periods of time in doing such work. On the contrary, the undisputed evidence was that it was customary not to hire in that way on such work.

The court instructed the jury in effect as follows: Evidence of custom is only to be considered as bearing on the question of whether defendant is right in its claim that plaintiff was not employed for a definite time. If plaintiff was employed by defendant, or defendant's authorized agent, for a definite time, as plaintiff claims, he is entitled to recover, regardless of whether the custom was to hire in some

other way. Evidence of custom was allowed and is to be·
considered only as bearing on the understanding of the par-
ties. If Burrows was held out by defendant as its agent, ap-
parently with authority to make such contracts as plaintiff
claims were made with him, and plaintiff acted in good faith
in making such contract with Burrows, defendant is bound
thereby regardless of what his authority was in fact.

The jury rendered a verdict for plaintiff for $2 per day
for the time they found he was not allowed to work on the
mill, less the amount he earned working elsewhere, and judg-
ment was entered in his favor therefor and for costs.

For the appellant there was a brief by *Mylrea & Bird,* and
oral argument by *W. H. Mylrea.*

For the respondent there was a brief by *Sanborn & San-
born,* and oral argument by *A. W. Sanborn.*

MARSHALL, J. There is abundant evidence to sustain
what we must assume the jury decided, as to Burrows being
the general agent of appellant in charge of constructing the
mill. As such agent he had authority to bind his principal
in respect to all the usual means of carrying out the work
under his charge. To that extent he possessed the same au-
thority as his principal. *Roche v. Pennington,* 90 Wis. 107,
62 N. W. 946. The learned circuit court, by the charge to
the jury, decided that the making of such a contract as that
testified to by respondent, a contract to work through the en-
tire time of installing the mill, was within the general scope
of a superintending agent's authority as a matter of law, and
that evidence that the custom in doing such work was not to
make such contracts had no bearing on the question of the
agent's authority. That is clearly erroneous. It is by no
means clear that, as a matter of law, the foreman in charge
of constructing a mill possesses, by implication, authority to
employ laborers upon the work, binding his principal to give
them employment till the completion thereof. We are in-

clined to say that there is at least room for conflicting inferences in respect to the matter; that the burden of proving that such an agent has such authority is upon the party relying thereon to make out his cause of action; that in this case such burden was on the plaintiff. He should have produced some evidence, it seems, in regard to the matter, and if, on the case made by the whole evidence, the fact involved was left in reasonable doubt, that doubt should have been solved by the jury under proper instructions. Plaintiff did not produce any evidence on the subject at all, while there was considerable evidence on the part of defendant that the universal custom in doing mill work was not to engage employees for any definite time. In that situation the court should have taken the case from the jury by directing a verdict in favor of appellant. The learned court clearly misconceived the office of evidence, in a case like this, to prove what is customary in respect to the manner of conducting the work. Its office is not to show what the agent did in the course of his agency, but what was within the scope of his authority to do. This court has several times passed upon that question. *Pickert v. Marston,* 68 Wis. 467, 32 N. W. 550; *Larson v. Aultman & T. Co.* 86 Wis. 281, 56 N. W. 915; *Roche v. Pennington, supra.* For error of the court in disregarding that rule the judgment must be reversed.

*By the Court.*—The judgment is reversed, and the cause remanded for a new trial.