MOORE, Respondent, *v.* SKYLES, Appellant.

(No. 2,159.)

(Submitted October 5, 1905.   Decided October 25, 1905.)

*Principal and Agent—Special Agents—Scope of Authority— Duty of Ascertaining—Postoffice Money Orders—Transfer—Title of Transferee.*

Principal and Agent—Special Agents.
    1. One to whom a money order was given by another, with instructions to see if it was all right, and, if so, to get it cashed, was a special agent of the latter, within the meaning of Civil Code, section 3072.

Principal and Agent—Scope of Authority of Agent.
    2. All persons dealing with an agent are bound to ascertain the scope of the agent's authority, and if they do not, they deal with him at their peril.

Postoffice Money Orders—Transfer—Title of Transferee.
    3. Section 4037, United States Revised Statutes, provides that more than one indorsement of a money order shall render the same

invaliu'. Defendant was the indorsee of a money order which he sent by an agent to the postoffice on which it was drawn in order to get it cashed. The agent sold the order to plaintiff, indorsing it with his own name. *Held,* that plaintiff obtained no title to the order.

*Appeal from District Court, Flathead County; D. F. Smith, Judge.*

ACTION by Ross Moore against John F. Skyles. From a judgment rendered for plaintiff on appeal from a justice's judgment, and from an order denying a new trial, defendant appeals. Reversed.

*Mr. B. J. McIntire,* and *Mr. W. H. Poorman,* for Appellant.

*Mr. F. L. Gray,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This action was commenced in a justice of the peace court by the plaintiff to recover the sum of $31. Judgment was rendered in favor of plaintiff, and defendant appealed to the district court, where the plaintiff again prevailed, and the defendant appeals to this court from the judgment and from an order denying his motion for a new trial.

The facts disclosed by the record are: That on October 13, 1903, the postoffice at Kendall, Montana, issued to Alex. Wilson a postal money order for $31, payable at Kalispell, Montana. This money order was indorsed by Wilson and transferred to this defendant, Skyles. Upon December 1, 1903, Skyles sent the order by one J. J. Kelley to the postoffice at Kalispell, with instructions to see if it was all right, and, if so, to get it cashed. Kelley took the order to the postoffice at Kalispell, where payment was refused for the reason that the order was then payable to Skyles and Skyles had not indorsed it. Kelley then sold the order to this plaintiff, indorsed it with his own name, and received for it the full sum of $31. Plaintiff then presented the order for payment, which was again

refused for the reason advanced to Kelley. Moore then sent the order back to the defendant at Whitefish, Montana, for his indorsement; but, as the defendant had not received anything whatever from Kelley for the order, he indorsed it, sent it to the Postoffice department, and himself received payment in full. Moore then brought this suit for damages in the sum of $31, the face value of the order. These facts were brought out by the testimony of plaintiff's witnesses, and this is the substance of all the evidence introduced. The defendant did not offer any testimony, but moved for a nonsuit, which was denied. The jury returned a verdict in favor of the plaintiff, and judgment was rendered thereon.

From these facts it appears that Kelley was a special agent of Skyles, within the definition given in section 3072 of the Civil Code, which reads as follows: "Sec: 3072, An agent for a particular act or transaction is called a special agent. All others are general agents." (See, also, *Butler* v. *Maples,* 9 Wall. 766, 19 L. Ed. 822.) All persons dealing with an agent are bound to ascertain the scope of the agent's authority, and if they do not they deal with him at their peril. (*Bank of Deer Lodge* v. *Hope Min. Co.,* 3 Mont. 146, 35 Am. Rep. 458; *First Nat. Bank* v. *Hall & Co.,* 8 Mont.. 341, 20 Pac. 638; *Dodge* v. *Birkenfeld,* 20 Mont. 115, 49 Pac. 590; *Helena Nat. Bank* v. *Rocky Mt. Tel. Co.,* 20 Mont. 379, 63 Am. St. Rep. 628, 51 Pac. 829.)

When this order was presented to Moore he was apprised by the order itself, first, that it was originally payable to Wilson; second, that Wilson had transferred the same to Skyles by indorsement; third, that no further indorsement of it could be made without rendering the order invalid under section 4037, Revised Statutes of the United States [U. S. Comp. Stats. 1901, p. 2747] ; and, fourth, that Skyles had not attempted to transfer it. There was not anything to indicate that Kelley had or could obtain any interest in the order, save only his possession of it; and, so far as this record shows, Kelley assumed to transfer title in his own name and by his own indorsement, and did not assume to act as the

agent of Skyles or in any other capacity than as the owner of the order. As Skyles was the owner, and Kelley had no authority to part with it to Moore, Moore did not receive any better title than Kelley had. If Moore was dealing with Kelley as the owner of the order, he obtained no title, for Kelley had none, and this was apparent from the order itself. If he was acting upon the assumption that Kelley was the agent of Skyles, he was charged with ascertaining the scope of the agent's authority; and not having done so, so far as here disclosed, he dealt with Kelley at his peril, and having parted with his money to an agent not authorized to transfer the order to him, he is remediless, as against the principal who was the owner.

As the evidence wholly fails to support the verdict, the judgment and order are reversed, and the cause remanded for a new trial.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE MILBURN concur.