(November 6, 1924.)

## T. W. & L. O. NAYLOR COMPANY, a Corporation, Appellant, v. ROY W. BOWMAN, Respondent.

[230 Pac. 347.]

PRINCIPAL AND AGENT—POWERS OF AGENT—CONTRACT IN EXCESS OF—RATIFICATION—KNOWLEDGE OF PRINCIPAL—VERDICT OF·JURY.

1. A ratification of the unauthorized acts of an agent, in order to be ·effectual and binding on the principal, must have been made with a full knowledge of all the material facts surrounding the transaction.

2. Authority given to an agent to sell automobiles and accessories and to collect money or extend credit therefor does not include the power to release security given for payment, in the absence of payment of the claim.

Appeal from the District Court of the Ninth Judicial District, for Madison County. Hon. James G. Gwinn, Judge.

Action in claim and delivery. Judgment for respondent. *Reversed.*

O. A. Johannesen and Kenneth S. MacKenzie, for Appellant.

A principal cannot be bound by the acts of an agent done outside of the actual or apparent scope of his authority, unless such acts have been ratified and adopted by the principal. (*Roberts etc. Co. v. McKinn,* 34 Nev. 191, 117 Pac. 13; *Edwards v. Dooley,* 120 N. Y. 540, 24 N. E. 827; *St. Louis etc. Ry. v. Bennett,* 53 Ark. 208, 22 Am. St. 187, 13 S. W. 742; *Kane & Co. v. Barstow,* 42 Kan. 465, 16 Am. St. 490, 22 Pac. 588; 31 Cyc. 1567.)

Confirmation or ratification of the unauthorized acts of an agent in order to be effectual and binding on the principal must have been made with the full knowledge of all the material facts of the unauthorized acts, and with an intent to ratify, and ignorance or mistake of any of the

essential circumstances relating to the particular transaction alleged to have been ratified will absolve the principal from all liability by reason of any alleged or supposed adoption. (*Linn v. Alameda etc. Co.*, 17 Ida. 45, 104 Pac. 668; *Blackwell v. Kercheval*, 27 Ida. 537, 149 Pac. 1060; 29 Ida. 473, 160 Pac. 741; 1 Cal. Jur. 777; *Brown v. Rouse*, 104 Cal. 672, 38 Pac. 507; *Hall v. Wells*, 24 Cal. App. 238, 41 Pac. 53; *Meador v. O'Dowd*, 85 Kan. 878, 118 Pac. 695; *Carlson v. Stone etc. Co.*, 40 Mont. 434, 107 Pac. 419; *Cargile v. Union State Bank*, 40 Okl. 506, 139 Pac. 701; 31 Cyc. 1253, 1260.)

Authority granted to an agent to sell goods and collect money does not include power to release the principal's security. (*Lindow v. Cohn*, 5 Cal. App. 388, 90 Pac. 485; *Rogers v. Peekham*, 120 Cal. 238, 52 Pac. 483; *Hawxhurst v. Rothgeb*, 119 Cal. 531, 51 Pac. 846; *Kane & Co. v. Barstow, supra; Hurley v. Watson*, 68 Mich. 531, 36 N. W. 726; *Wilcox etc. Co. v. Lasley*, 40 Kan. 521, 20 Pac. 228; *Henderson v. Beard*, 51 Ark. 483, 11 S. W. 766; 1 Cal. Jur. 761; 31 Cyc. 1373, 1387.)

Miller & Ricks and C. W. Poole, for Respondent.

The acceptance of the benefits of an unauthorized transaction of an agent by the principal will be held to show ratification of such transaction by the principal. (*Blackwell v. Kercheval*, 27 Ida. 537, 149 Pac. 1060; *Golden v. Cervenka*, 278 Ill. 409, 116 N. E. 273; *Campbell v. Campbell*, 133 Cal. 33, 65 Pac. 134; *Herring v. Skaggs*, 73 Ala. 446; *Wilson v. Pauley*, 72 Fed. 129, 18 C. C. A. 475; *Culbertson v. Sheridan*, 93 Kan. 268, 144 Pac. 268; *Hornbeck v. Gilman*, 110 La. 500, 34 So. 651; *Goss v. Kilby*, 112 Me. 323, 92 Atl. 183; *Freeman v. F. P. Harbaugh Co.*, 114 Minn. 283, 130 N. W. 1110; *Meyer v. Morgan*, 51 Miss. 21, 24 Am. Rep. 617; *Lemcake v. A. L. Funk & Co.*, 78 Wash. 460, Ann. Cas. 1915D, 23, 139 Pac. 234.)

A principal, by keeping the fruits of an unauthorized act of an agent, ratifies the act and makes it his own. (*Davis v. Krum*, 12 Mo. App. 279.)

Ordinarily the silence of a principal on learning of the unauthorized actions of his agent, especially if long continued, or if there is some duty on the part of the principal to speak, will be held to show ratification. (*Stark v. Starr,* 94 U. S. 477, 24 L. ed. 276; 5 A. R. C. 456, note.)

BUDGE, J.—This action was brought by appellant to recover from respondent the possession of a Studebaker automobile or the sum of $1,600, its alleged value, in case delivery could not be had, together with damages in the sum of $400 for its unlawful detention. The necessary affidavit and undertaking in claim and delivery were filed and the automobile was seized by the sheriff and delivered to appellant. Respondent answered the complaint, denying specifically each and every material allegation thereof, and also filed a cross-complaint in which he sought to recover damages for the wrongful conversion of the automobile. The cross-complaint was answered by appellant, each and every material allegation thereof being specifically denied. Upon the issues thus framed the cause was tried to the court and a jury, the latter's verdict awarding possession of the automobile to respondent and fixing its value at $600 in case a return could not be had. Judgment was thereupon entered by the court in accordance with the verdict, from which judgment this appeal is taken.

From the record the following facts appear: On July 10, 1920, appellant sold the automobile in question to Emmett Poole, the latter making a cash payment and executing and delivering to appellant a title-retaining note for $2,049 for the balance of the purchase price. There seems to be a conflict as to subsequent transactions relating to the automobile. According to respondent and his witnesses, Emmett Poole, respondent and one Stowell, the last-named party being an agent of appellant, met at Rexburg on or about August 16, 1920, and an agreement was entered into whereby Stowell agreed to release title to the automobile in consideration of a payment of $600 by Bowman within thirty days and the delivery to him (Stowell) of a promissory note for

$2,500 signed by Harry L. Poole. Respondent further claims that at this time he entered into an agreement with Emmett Poole to purchase the automobile for approximately $2,600 and that in accordance with the agreement the $600 payment was made to appellant by respondent's brother on or about October 27, 1920, and the note signed by Harry L. Poole was delivered to one Edlefsen, a collector for appellant, on December 15, 1920. Stowell, upon examination denied that he ever had such an agreement with respondent or Poole but testified that in October, 1920, he received Emmett Poole's personal check for $600; that he presented the same for payment but payment was refused for the reason that there were no funds to cover it, and that the check for $600 given by respondent's brother was given for the sole purpose of taking up the dishonored check given by Emmett Poole and that Emmett Poole was then given credit for $600 upon the title-retaining note. It further appears that on or about the 15th of December, 1920, following the alleged purchase of the car by respondent, Edlefsen, a collector of appellant called upon Poole and requested that further payment be made on the note, at which time Poole gave to Edlefsen a check for interest then due upon the note. This check was presented to the bank for payment but was dishonored. Subsequent to the latter transaction and when pressed for further payment on the note by Edlefsen, Poole gave to the former the note for $2,500 herein referred to, to be held as additional collateral security. Demand for possession of the automobile was made in January, 1921 by appellant and on January 21, 1921, this action was commenced.

Appellant makes eight assignments of error upon which it relies for a reversal. We shall consider only such assignments as we deem controlling in disposing of this case. Appellant first assigns as error the action of the court in refusing to grant its motion to strike all evidence introduced by respondent relating to the release of appellant's security by its agent, Stowell, and all evidence introduced by respondent touching the matter of the ratification of Stowell's

action in releasing appellant's security. We think it will be conceded that Stowell's authority to sell automobiles, accessories, etc., the property of appellant, and to collect money or extend credit therefor did not include the power to release appellant's security. (*Corbet v. Waller,* 27 Wash. 242, 67 Pac. 567; *Torbit v. Heath,* 11 Colo. App. 492, 53 Pac. 615; *Sweedlund v. Hutchinson,* 5 Kan. App. 880, 47 Pac. 163; *Lindow v. Cohn,* 5 Cal. App. 388, 90 Pac. 485; *Rogers v. Peckham,* 120 Cal. 238, 52 Pac. 483; 31 Cyc. 1377, 1387.) Likewise it will be conceded that the act of an agent in releasing securities in the absence of payment of the claim so secured is not such an act that is usual or natural but on the contrary is an unusual and unnatural act in the transacting of the business of the principal, and is such an act as to put a third party on notice, and it has often been pointed out that the only logical inference to be drawn from such acts on the part of the agent is that he is acting beyond and in excess of his authority. Conceding that if Stowell agreed with Poole and Bowman that if the latter would pay $600 and Poole would deliver a collateral note signed by Harry L. Poole for $2,500 that he (Stowell) would release the title to the car, then in appellant, this action upon the part of Stowell was beyond his authority as appellant's agent and was not binding upon appellant unless ratified.

We come now to the question as to whether the evidence offered in support of a ratification upon the part of appellant was competent or if there was any evidence which showed or tended to show a ratification as would justify the jury in so finding. As we read the record, the only material evidence in this regard was to the effect that respondent's brother gave a check to L. O. Naylor, vice-president of appellant corporation, to be applied upon the purchase price of the Poole automobile. There is no evidence in the record that Naylor or the corporation was in possession of any of the alleged facts touching the conversation had between Stowell, respondent and Poole or that he was conversant with the agreement alleged to have been made by them. The rule would seem to be that a principal may ratify the un-

authorized act of his agent if, at the time of such ratification he has knowledge of all the material facts connected with the transaction and the ratification may be either by words or by conduct indicating an intention on the part of the principal to adopt the act as his own, and such intention may be implied from an acceptance of the benefits of the unauthorized act. (*Blackwell v. Kercheval*, 27 Ida. 537, 149 Pac. 1060; 29 Ida. 473, 160 Pac. 741; *Findlay v. Hildenbrand*, 17 Ida. 403, 105 Pac. 790, 29 L. R. A., N. S., 400.) It is insisted that appellant received the benefit of the $600 paid by Bowman's brother, thereby ratifying the alleged agreement. If it was paid as part performance of a contract which Stowell made with respondent, by the terms of which the title to the car should be released, appellant could not keep the money and repudiate the contract. On the other hand, if it was not paid as part performance of such a contract, but simply for the purpose of taking up the dishonored check which Poole had given, the retention of the check by appellant would not constitute a ratification of such a contract. Whether there was a ratification or not is a question of fact to be determined by the jury under proper instructions.

The judgment must be reversed for reasons other than given above. The jury returned a verdict in favor of respondent for possession of the automobile involved herein and fixed its value at $600 in case a return could not be had. There were three questions for the jury to determine: First, in whom was the right to possession of the automobile? Second, its value in case return could not be had to the party entitled thereto; and third, damages for unlawful detention after demand, if any. Appellant's evidence offered upon the trial was to the effect that the automobile was of the value of $1,600 while respondent's proof fixed its value at $2,200. The jury disregarded entirely the evidence in this respect and arbitrarily fixed the value of the automobile at $600. It is apparent why this was done and we refrain from commenting, but clearly the judgment cannot stand.

We have reached the conclusion that the judgment should be reversed and the cause remanded for a new trial, and it is so ordered. Costs are awarded to appellant.

McCarthy, C. J., and Dunn, William A. Lee and Wm. E. Lee, JJ., concur.