(June 1, 1926.)

## DAVID CHAMBERLAIN, Respondent, v. THE AMALGA-MATED SUGAR CO., a Corporation, Appellant.

[247 Pac. 12.]

APPEAL AND ERROR—PRINCIPAL AND AGENT—IMPLIED AUTHORITY—DECLARATIONS OF AGENT—BURDEN OF PROOF—ASCERTAINMENT OF AGENT'S AUTHORITY — ABSENCE OF RATIFICATION — THEORY OF ESTOPPEL INAPPLICABLE.

1. In action for damages for breach of alleged contract to haul rock, admitting evidence of conversation between defendant's foreman and third parties as to foreman's desire to hire somebody to haul rock was erroneous, and prejudicial.

2. Evidence *held* insufficient to support verdict for damages for breach of contract to haul rock on theory of implied authority of defendant's quarry foreman to enter into contract.

3. "Implied authority" is that which principal intends his agent to possess, and which is implied from principal's conduct.

4. It is conduct of principal, and not of agent that binds principal.

5. Declarations of agent alone are insufficient to prove grant of power exercised by him and to bind his principal to third parties.

6. Burden is on plaintiff alleging contract of hiring entered into with defendant's foreman to show that making of contract was within scope of foreman's authority.

7. Person dealing with an agent must ascertain extent of his authority from principal or some person having motive to tell the truth, and cannot rely on agent's statement or assumption of authority or on presumption of authority.

8. Person contracting with foreman, knowing he had no authority to make written contract, was bound to inquire as to extent of foreman's authority.

9. To constitute ratification, principal must know all material facts relative to unauthorized act.

10. Where corporation, immediately on learning of contract by foreman, repudiated his acts, and refused to become party to contract, it did not ratify foreman's acts.

11. Where person entered into contract with quarry foreman, knowing he had no authority to make written contract, recovery for breach thereof cannot be had on theory of estoppel because of acting in good faith and in exercise of reasonable prudence and caution.

APPEAL from the District Court of the Sixth Judicial District, for Butte County. Hon. Ralph W. Adair, Judge.

Action for damages for breach of alleged contract of hiring for a definite time. Judgment for plaintiff. *Reversed.*

Walters & Parry and J. R. Keenan, for Appellant.

Implied authority is to be inferred only from facts for which the principal is responsible. (*Skelly Oil Co. v. Pruitt & McCrory*, 94 Okl. 232, 221 Pac. 709; *Columbia Mill Co. v. Natl. Bank of Commerce*, 52 Minn. 224, 53 N. W. 1061.)

Apparent power of an agent is determined by acts of the principal and not by acts of the agent. (*Wierman v. Bay City-Michigan Sugar Co.*, 142 Mich. 422, 106 N. W. 75; *Reinforced Concrete Co. v. Boyes*, 180 Mich. 609, 147 N. W. 577; *Anderson v. Patten*, 157 Iowa, 23, 137 N. W. 1050; *Brown v. Brown*, 96 Ark. 456, 132 S. W. 220; *Madill v. Spokane Cattle Loan Co.*, 39 Ida. 754, 230 Pac. 45.)

No estoppel arises against principal if third party knows that no authority in fact exists, or should, as a reasonably

Publisher's Note.

3. See 21 R. C. L. 853.
5. See 21 R. C. L. 859.
6. See 21 R. C. L. 858.
9. See 21 R. C. L. 928.

See Agency, 2 C. J., sec. 93, p. 476, n. 18; sec. 203, p. 561, n. 77; sec. 204, p. 563, n. 90; p. 564, n. 92; sec. 214, p. 574, n. 48; sec. 218, p. 576, n. 64; sec. 665, p. 925, n. 25; sec. 727, p. 956, n. 86.

Evidence, 22 C. J., sec. 835, p. 744, n. 43.

prudent man, have known that fact as an implication from facts actually known. (*In re Thomas,* 199 Fed. 214, 233.)

The party dealing with an agent is bound at his peril to ascertain the extent of agent's authority. (*Moore v. Skyles,* 33 Mont. 135, 114 Am. St. 801, 82 Pac. 799, 3 L. R. A., N. S., 136; *Swindell v. Latham,* 145 N. C. 144, 122 Am. St. 430, 58 S. E. 1010.)

The fact that an agent is required to refer some detail to principal is a fact putting third persons on inquiry as to powers of agent. (*Sigel-Campion Livestock Com. Co. v. Ardohain,* 71 Colo. 410, 207 Pac. 82.)

To constitute ratification of agent's unauthorized contract, it is essential that the principal at the time of the acts relied upon as constituting ratification, should have full knowledge of all material facts relative to the unauthorized act, or that someone authorized to represent the principal except the agent have such knowledge. (2 C. J. 476; *Columbia Nat. Bank v. Rice,* 48 Neb. 428, 67 N. W. 165; *Schollay v. Moffitt-West Drug Co.,* 17 Colo. App. 126, 67 Pac. 182; *T. W. & L. O. Naylor Co. v. Bowman,* 39 Ida. 764, 230 Pac. 347; *Blackwell v. Kercheval,* 29 Ida. 473, 160 Pac. 741; *Bartlett v. L. Bartlett & Son Co.,* 116 Wis. 450, 93 N. W. 473.)

A third party may presume that corporate officers have the powers claimed, only when such officers have the general direction of the affairs of the corporation. (*Western Investment & Land Co. v. First Nat. Bank,* 23 Colo. App. 143, 128 Pac. 476.)

That the act of an agent of a corporation binds the corporation requires not only the showing of official position but also that the principal has previously so conducted the business as to justify the belief on the part of the third party that the agent has the authority he assumes to exercise and the third party acts upon such belief so inspired. (*Ames v. D. J. Murray,* 114 Wis. 85, 89 N. W. 836; *Langston v. Postal Tel. Cable Co.,* 6 Ga. App. 833, 65 S. E. 1094; *Parr v. Northern Elec. Co.,* 117 Wis. 278, 93 N. W. 1099.)

Authority of an agent cannot be proved by his own declarations. (*Mitchell v. McCollister,* 93 Okl. 203, 220 Pac.

631; *Motor Car Sales. Co. v. Brown,* 115 Kan. 344, 223 Pac. 309; *Cupples v. Stanfield,* 35 Ida. 466, 207 Pac. 326.)

Evidence of representations made by defendant to strangers to action are not admissible to prove that a defendant made similar representations to plaintiff. (1 Jones (Horwitz) on Evidence, 697–698.)

A. S. Dickinson, for Respondent.

The contract of an agent in excess of his authority may be ratified by the principal, and if appellant's agent did exceed his authority, as claimed in this action, the appellant ratified his unauthorized act by permitting the respondent to perform labor and pay for same under the terms of such contract as shown by the evidence. (21 R. C. L., sec. 34, p. 854, and sec. 81, p. 904; *Bevercombe v. Denny & Co.,* 40 Ida. 34, 231 Pac. 427; *Madill & Miller v. Spokane Cattle Loan Co.,* 39 Ida. 754, 230 Pac. 45.)

Where a principal by act or conduct has knowingly permitted another to appear to be his agent, either generally or for a particular purpose, he will be estopped to deny such agency to the injury of third persons, who have in good faith and in the exercise of reasonable prudence and caution dealt with such agent on the face of such an appearance, and within the scope of his apparent authority. (*Morgan v. Neal,* 7 Ida. 629, 97 Am. St. 264, 65 Pac. 66; *Bank of Ukiah v. Mohr,* 130 Cal. 268, 62 Pac. 511; *Campbell v. Gowans,* 35 Utah, 268, 19 Ann. Cas. 660, 100 Pac. 397, 23 L. R. A., N. S., 414, and note; *Nicholas v. Title & Trust Co.,* 79 Or. 226, Ann. Cas. 1917A, 1149, 154 Pac. 391, and note.)

If an act done by an agent is within the general scope of the authority with which he has been clothed by his principal, it matters not that it is directly contrary to the instructions of the principal, who will nevertheless be held liable to a third person who has acted in good faith and with ordinary prudence and caution. (21 R. C. L., sec. 81, p. 904; *Lakeshore etc. Railroad Co. v. Foster,* 104 Ind. 293, 54 Am. Rep. 319, 4 N. E. 20; *Rickards v. Rickards,* 98 Md. 136, 103 Am. St. 393, 56 Atl. 397, 63 L. R. A. 724; *Barber v. Britton,* 26 Vt. 112, 60 Am. Dec. 301.)

Where the evidence produced is susceptible to having different conclusions drawn from it by reasonable men as to whether, or to what extent an agent's authorized act has been ratified, it is a question for the jury. (*Blackwell v. Kercheval*, 27 Ida. 537, 149 Pac. 1060; *Horton v. Early*, 39 Okl. 99, Ann. Cas. 1915D, 825, 134 Pac. 436, 47 L. R. A., N. S., 314.)

The authority which a principal holds an agent out as possessing, or which he permits the agent to represent that he possesses, governs mutual rights and liabilities as between the principal and third persons and the principal is estopped to deny such authority. (*Hudson v. Carlson*, 31 Ida. 196, 170 Pac. 100; *Hammitt v. Virginia Min. Co.*, 32 Ida. 245, 181 Pac. 336.)

BUDGE, J.—Respondent alleges in his complaint that appellant is a corporation duly authorized to transact business in this state; that on or about April 1, 1922, appellant and respondent entered into an agreement by the terms of which respondent agreed to furnish teams and wagons with which to haul lime rock from appellant's quarry, located near Arco, to the railroad siding near said quarry, and to load the same on cars, the minimum amount to be hauled and loaded to be 100 tons per day for a period of not less than six months, and that appellant contracted and agreed to pay the respondent therefor the sum of 35¢ per ton for every ton hauled and loaded; that on April 12, 1922, respondent entered upon the discharge of his duties under the contract and continued to work thereunder until May 22, when appellant wrongfully breached said contract and without cause discharged the respondent and refused to permit him further to proceed thereunder; and damages are prayed for by reason of the breach of the contract.

In its answer appellant admits its corporate capacity and right to do business in this state, but denies specifically that it entered into the contract as alleged in respondent's complaint by the terms of which it was to furnish respondent any definite amount of rock to be hauled per day for any definite period of time; admitting, however, that it did agree

to pay to the respondent the sum of 35¢ per ton for such rock as he might haul for the appellant; and admitting further that respondent did haul a certain quantity of rock, for which he was fully paid.

The cause was tried to the court and jury and resulted in a verdict in favor of respondent upon which judgment was entered, from which judgment and an order denying a motion for a new trial this appeal is prosecuted.

[1] Appellant makes numerous assignments of error. Assignments 1 and 2 are predicated upon the action of the court in the admission of certain evidence. Respondent called witnesses Joplin and Harper who were permitted to testify, over appellant's objection, that they had a conversation with one MacPherson, foreman in charge of the workmen carrying on the quarry operations, in the spring of 1922, in which conversation MacPherson stated, substantially, that he was endeavoring to employ somebody to haul rock for the appellant company; that he said he had about 15,000 tons of rock he wanted hauled by wagon and wanted to load about two cars a day, which would be about 100 tons, and that the job would last probably six months or a little longer. It is insisted by the appellant that the admission of this testimony was in violation of the general rule that evidence of conversations of one party to an alleged contract with strangers is not admissible to prove the contract between the parties, and that the admission of such testimony was prejudicial error. This evidence was offered for the purpose of proving that the alleged contract was not as represented by the appellant. Its admission was erroneous and prejudicial. 1 Jones (Horwitz) on Evidence, 697, 698; 22 C. J. 744; *Gill v. Staylor,* 97 Md. 665, 55 Atl. 398; *Chicago v. Greer,* 9 Wall. (U. S.) 726, 19 L. ed. 769; *Cooke v. Newmark Grain Co.,* 54 Cal. App. 283, 201 Pac. 615.

Under assignment of error numbered 10 appellant contends that the verdict is contrary to law for the following reasons:

(a) that the uncontradicted evidence shows that appellant's foreman did not have any actual, expressed, apparent, implied, or ostensible authority to make the contract relied upon by respondent;

(b) that the uncontradicted evidence shows that this alleged contract was never ratified by the appellant;

(c) that the uncontradicted evidence shows that the respondent had no contract but went to work merely on the foreman's "word of honor";

(d) that respondent's own uncontradicted evidence shows that in dealing with the foreman he relied solely and entirely upon the foreman's own statements as to his authority, if any.

There is no evidence to prove that appellant's foreman had express authority to make the contract relied upon by respondent. It clearly appears from the respondent's testimony that he knew the appellant's foreman did not have authority to enter into a written contract. When he requested a written contract he was informed by the foreman that he had no authority to enter into a written contract; that all written contracts came from the Ogden office.

[2] The lack of authority on the part of appellant's foreman to enter into a written contract being known to respondent, can it be said that the foreman, within the scope of his authority, had the implied power to enter into the alleged contract, and if so is there sufficient competent evidence to uphold the jury's verdict upon this theory?

[3] Implied authority is defined as that authority which the principal intends his agent to possess and which is implied from the conduct of the principal, as from previous courses of dealing, or from conduct of the principal under circumstances working against it an estoppel. (2 C. J., sec. 218, p. 576.)

Respondent testified that during the last conversation he had with appellant's foreman the latter told him that they wanted at least two cars of rock a day; that respondent asked how long the work would last and was told by the foreman that he would give his word of honor that there

would be at least six months hauling at two cars a day, with Sundays off, and that they would need 15,000 tons at least; and that it was agreed respondent was to be paid 35¢ a ton.

[4] There is no evidence that theretofore contracts of a like kind had been entered into by appellant's foreman on its behalf, no contract being entered into for any specified amount of rock or covering a specified period of time; and there is no evidence in the record that would justify the conclusion that contracts made by appellant's foreman with third parties were upon any other basis than from day to day. It is apparent from the record that there was no conduct on the part of appellant from previous courses of dealing with respondent or third parties that could be such that implied authority would flow to its foreman to enter into the contract in question. It is the conduct of the principal, and not the agent, that binds the principal. (*Madill v. Spokane Cattle Loan Co.*, 39 Ida. 754, 230 Pac. 45; 2 C. J., sec. 214, p. 574; *Anderson v. Patten*, 157 Iowa, 23, 137 N. W. 1050.)

[5] Even conceding the agreement between respondent and appellant's foreman to be as stated in respondent's testimony, the question arises whether or not there is sufficient competent proof to bind the appellant. The only evidence upon this point consisted of statements and declarations of appellant's foreman, and it is a well known rule that the declarations of the agent, standing alone, are insufficient to prove the grant of power exercised by him and to bind his principal to third parties. (*Cupples v. Stanfield,* 35 Ida. 466, 207 Pac. 326; *Skelly Oil Co. v. Pruitt & McCrory*, 94 Okl. 232, 221 Pac. 709.) [6] Furthermore, the burden was upon respondent to show by competent evidence that the making of the alleged contract was within the scope of the authority of the foreman. (*Ames v. D. J. Murray Mfg. Co.*, 114 Wis. 85, 89 N. W. 836.)

Respondent testified, "I wanted the contract signed so that I would know I was sure, and I related to him (appellant's foreman) an incident the fall before of the Utah-Idaho Sugar Company between myself and Mr. Straw to

show how I fell down because I accepted with him a verbal contract for hauling rock. 'Well,' he says, 'I wouldn't treat you like Straw did; you go ahead and get your outfit; I want to see you make some money, and I will stand behind you.' He says, 'last year Thomas was over me here,' but he says 'now Mac is the whole thing; what Mac says here goes,' and he patted himself on the breast.''

[7] Respondent was content to accept the declarations of the foreman after having requested a contract in writing in order to bind the company, and after having related an incident of difficulties had in connection with work he had done for another company engaged in a like undertaking where he had failed to obtain a written contract,—from which it is evident that respondent had knowledge of the necessity for obtaining a written contract or to make inquiry as to the extent of the foreman's authority. The rule would seem to be that a person dealing with an agent should ascertain the extent of his authority from the principal (*Mussey v. Beecher*, 3 Cush. (Mass.) 511; *Reinforced Concrete Co. v. Boyes*, 180 Mich. 609, 147 N. W. 577) ; or from some other person who will have a motive to tell the truth in the interests of the principal (*Jonathan Mills Mfg. Co. v. Whitehurst*, 72 Fed. 496, 19 C. C. A. 130, and he cannot rely upon the agent's statement or assumption of authority, or upon the mere presumption of authority. (*Bond v. Pontiac O. & P. A. R. Co.*, 62 Mich. 643, 4 Am. St. 885, 29 N. W. 482.) If such person makes no inquiry but chooses to rely upon the agent's statement he is chargeable with knowledge of the agent's authority, and his ignorance of its extent will be no excuse to him, and the fault cannot be thrown upon the principal who never authorized the act or contract. (2 C. J. 563, 564; *Moore v. Skyles*, 33 Mont. 135, 114 Am. St. 801, 82 Pac. 799, 3 L. R. A., N. S., 136.)

[8] Where respondent knew that appellant's foreman had no authority to enter into a written contract it was sufficient to put him upon notice, and the least that can be said is that he was bound to make inquiry as to the extent of

the foreman's authority. (*Sigel-Campion Live Stock Commission Co. v. Ardohain,* 71 Colo. 410, 207 Pac. 82.

[9] Neither are we of the opinion that appellant can be held liable upon the theory that it ratified the unauthorized act of its quarry foreman. To constitute ratification it is essential that the principal have knowledge of all of the material facts relative to the unauthorized act. (*T. W. & L. O. Naylor Co. v. Bowman,* 39 Ida. 764, 230 Pac. 347; *Blackwell v. Kercheval,* 29 Ida. 473, 160 Pac. 741.)

[10] There is no evidence in the record that appellant had knowledge of the alleged contract at the time it is said to have been entered into, nor any knowledge of such an alleged contract until notified by respondent, whereupon appellant immediately repudiated the alleged acts of its quarry foreman and refused to become a party to such alleged contract.

[11] It is established by the evidence, to our minds, that respondent did not exercise reasonable care or prudence in dealing with appellant's quarry foreman, and it cannot be held, therefore, that appellant is estopped to deny that the contract was entered into, or that respondent can recover upon the theory that he acted in good faith and in the exercise of reasonable prudence and caution and therefore appellant is estopped. The evidence discloses that the appellant paid respondent at the rate of 35¢ a ton for rock hauled and loaded, and settlement was made upon that basis on each pay-day. Respondent made no claim to appellant's timekeeper, authorized to make settlements and payments, that he had a contract for a specified quantity of rock to be hauled and loaded covering a specified period of time, or to any of its officers until after he was laid off. Thereupon he did write a letter to appellant's head office at Ogden, claiming that he had a contract calling for a specified amount of rock to be hauled and for a specified time. An officer of the company was immediately sent to Arco to interview respondent, and upon the first opportunity denied that the quarry foreman had authority to make such a contract and that the company was bound thereby.

Other errors are assigned which we do not deem necessary to discuss, in view of the fact that there was no competent evidence to support the verdict of the jury or the judgment based thereon.

Judgment reversed, costs to appellant.

Wm. E. Lee, Givens and Taylor, JJ., concur.