(Nos. 5310, 5311. February 14, 1930.)

HENRY S. GROOME, Respondent, v. HARRY L. FISHER, Trustee, et al., Appellants, and ED. N. SCOTT, Respondent.

CHESTER W. GROOME, Respondent, v. HARRY L. FISHER, Trustee, et al., Appellants, and ED. N. SCOTT, Respondent.

[284 Pac. 1030.]

Fisher & Coffin, for Appellants.

Cleve Groome, for Respondents.

GIVENS, C. J.—Two separate actions were commenced, one by Henry S. Groome, the other by Chester W. Groome, against all of the appellants. The pleadings and the proof were, so far as material herein, identical in both actions and both actions were consolidated for trial and on appeal. The material allegations of the complaints were that appellant Fisher holds the title and lease of certain mining claims as trustee for the use and benefit of the other appellants; that respondents performed work and labor for the defend-

ants for which they have not been paid, and demanded their wages, and under the statute, because they were dismissed from employment without being paid, attorney's fees.

Appellants by their answers admitted the above except they claimed the work and labor were performed, not for appellants, but for Ed. N. Scott alone. Respondents contend that appellants were mining partners. Appellants contend that they were cotenants only and that the appellants, other than Ed. N. Scott, had nothing to do with the employment or hiring of respondents.

The evidence discloses that the appellants other than Fisher each had contributed a certain, though different, amount of money for the purchase of the mining claims in question; that the respondents prior to their employment talked not only with Scott but with Fisher with regard to their employment; that during these conversations Fisher used the word ''we'' with reference to who was going to do the work on the claims; that the bullion was sent from the mine to appellant Fisher, who secured the money thereon from the assay office; that the checks given to respondents were signed by Harry L. Fisher as trustee; that after they had been discharged, according to respondents, Fisher offered to give them a mortgage upon the mining property for their unpaid wages; that none of the appellants, other than Fisher and Scott, knew that the work in which respondents were engaged was being done or had anything to do with it in any way, or ever saw or knew of the notice posted at the mine, or knew of or ratified the participation in the work by Fisher as their trustee, or contributed to the expense thereof.

C. S., secs. 2311, 2312 and 2313, require, under penalty for noncompliance, that a notice be posted at mines showing who are the employers and who are prosecuting the work being done. The notice herein posted stated that Fisher as trustee for appellants was the employer.

Conceding that there was sufficient evidence to justify the conclusion that appellant Fisher was a mining partner

of Ed. N. Scott, the man who was actually on the ground and carrying on the physical labor of getting out the ore, etc. (*Butler v. Hinckley*, 17 Colo. 523, 30 Pac. 250; *Harper v. Sloan*, 177 Cal. 174, 169 Pac. 1043, 181 Pac. 775), the evidence does not prove that appellants other than Fisher and Scott were in any way "actually engaged in the development and operation of the mine in the ordinary course of mining" so as to make them direct partners in the mining operations. (*Conwell v. Village of Culdesac*, 13 Ida. 575, 92 Pac. 535; *Stevens v. McKibbin*, 68 Fed. 406, 15 C. C. A. 498; *Peterson v. Beggs*, 26 Cal. App. 760, 148 Pac. 541; *Dodge v. Chambers*, 43 Colo. 366, 96 Pac. 178; *Vietti v. Nesbitt*, 22 Nev. 390, 41 Pac. 151; *Anderson v. Keystone Supply Co.*, 93 Okl. 224, 220 Pac. 605; *Gillespie v. Shufflin*, 91 Okl. 72, 216 Pac. 132; *Mattocks v. Great Northern R. Co.*, 94 Wash. 44, 162 Pac. 19; *Hartney v. Gosling*, 10 Wyo. 346, 98 Am. St. 1005, 68 Pac. 1118; 40 C. J. 1145; 18 R. C. L., pp. 1200, 1201; 17 Cal. Jur., pp. 437, 441.) If partners at all, they were such because of their connection through Fisher as their trustee, agent or representative.

The burden of proof is upon one urging liability of a principal on a contract of employment by a principal through an agent. (*Chamberlain v. Amalgamated Sugar Co.*, 42 Ida. 604, 247 Pac. 12; *Whalen v. Vallier*, 46 Ida. 181, 266 Pac. 1089; 39 Cyc. 333; 2 C. J. 927.) To establish authority from the *cestuis que trust* to their trustee, Harry L. Fisher, to employ respondents, respondents called two of the *cestuis que trust* for cross-examination and also demanded of appellants' counsel the trust agreement. The trust agreement, if in writing, was of course the best evidence of the authority, if any, which the trustee had to become as trustee a mining partner with Scott and bind his principals. The appellants indicated that they would not produce the trust agreement and the court did not order its production. Respondents instead of insisting upon its production proceeded to cross-examine two of the *cestuis que trust* and thus themselves elicited secondary evidence as

to the trust agreement and are now bound by the same. (*Vietti v. Nesbitt, supra;* 23 C. J. 39; Jones' Commentaries on Evidence, 2d ed., secs. 774, 775.)

This evidence without contradiction was positively to the effect that the *cestuis que trust* only contributed to the purchase of the property; that if there were any profits they were to receive the same; no profits were derived from the work herein involved; that the trustee was to look after the business end of the trust, but with the express understanding that the *cestuis que trust* were to put up no more money and were not to be responsible in any way or for any other expenses in any way connected with the mining property. There was no evidence that the trustee was authorized to work the mine or to enter into any partnership agreement with anyone else for the working of the mine, or to employ labor. The notice posted, appellants having no knowledge thereof, was merely a statement by the agent and not sufficient to bind appellants. (*Chamberlain v. Amalgamated Sugar Co., supra; Cox v. Crane Creek Sheep Co.,* 34 Ida. 327, 200 Pac. 678; *Cupples v. Stanfield,* 35 Ida. 466, 207 Pac. 326; 1 Cal. Jur., p. 717.) There was thus a total absence of evidence to show that Fisher was a mining partner *as trustee* with authority to bind any of the appellants. (2 C. J. 834; 26 R. C. L., p. 1316.)

The judgment as against the appellants, other than Scott and Harry L. Fisher, must for the above reasons be reversed.

There were no pleadings or instruction directed to the proposition that appellant Fisher was personally liable because of having entered as agent into an unauthorized contract (1 Cal. Jur., p. 815; 2 C. J. 805), and no such judgment was entered against him. The judgment against Fisher must therefore be reversed. No appeal has been taken from the judgment against Scott, which therefore stands.

The judgment is therefore reversed and remanded, with instructions to enter judgment in favor of respondents against Scott only.

Costs are awarded to appellants.

Budge, Lee and Varian, JJ., and Koelsch, D. J., concur.