BARRETT, Appellant, *v.* McHATTIE et al., Respondents.

(No. 7,535.)

(Submitted June 5, 1936. Decided June 15, 1936.)

[59 Pac. (2d) 794.]

474

 

*Mr. Sherman W. Smith* and *Mr. Robert L. Word, Jr.*, for Appellant, submitted a brief.

*Mr. Wellington D. Rankin, Mr. William A. Brown,* and *Mr. John G. Brown,* for Respondents, submitted a brief; *Mr. John G. Brown* argued the cause orally.

MR. JUSTICE ANDERSON delivered the opinion of the court.

Plaintiff brought this action seeking to recover damages for the alleged breach of a contract for the purchase of lambs for future delivery. The case was tried before the court sitting with a jury. A verdict was rendered by the jury in favor of defendants O'Connell and Schotte, and against the plaintiff. Judgment was entered in conformity with the verdict. A motion for new trial was made, heard and denied. The appeal is from the judgment.

By his complaint plaintiff alleged that on March 26, 1934, he was the owner of approximately 2,000 head of mixed lambs, on which day the defendant McHattie entered into a contract with plaintiff in writing for the sale of these lambs; that on the day in question McHattie was the agent of his co-defendants, acting in their place and stead, and entered into this contract for and on their behalf, at their instance and request and at their direction. It is further alleged that at the time of the execution of the written agreement defendant McHattie issued a sight draft, payable to the order of plaintiff, drawn on the defendant Schotte, to be presented at the

First National Bank & Trust Company of Helena, payment of which, upon presentation on behalf of plaintiff, was refused. The complaint then contains allegations with reference to the damages sustained by plaintiff on account of the failure of the answering defendants to perform the written contract.

The answer denies all of the allegations of the complaint positively with reference to the agency of the defendant McHattie, and on information and belief the other allegations, except that it is admitted that payment on the draft was refused when it was presented at the bank for payment. The defendants Schotte and O'Connell affirmatively set up the defense of the statute of frauds, based upon sections 10613 and 7939, Revised Codes of 1921.

Plaintiff offered evidence in support of his complaint. The answering defendants made a motion for nonsuit, which was by the trial court denied. The basis of this motion was founded upon the plea of the statute of frauds.

The contract in question provided for the delivery of the lambs in the fall of the year following its execution. It stipulated that they were to be weighed upon the scales on the ranch of plaintiff, and that delivery thereof was to be made by the plaintiff either at the town of Augusta or at the bridge across the Dearborn River. It was the contention of the defense that McHattie, who was a livestock broker or commission man, was authorized to buy that spring approximately 3,000 head of mixed lambs on behalf of the answering defendants, but that these contracts were to provide for the weighing of the lambs at railroad scales, and that all lambs were to be delivered at the railroad either at Townsend or Wolf Creek. The defendant McHattie, prior to the making of the alleged contract with plaintiff, had entered into contracts with three other individuals for the purchase of lambs which were accepted by the answering defendants.

It was the theory of the defense that McHattie in entering into the contract with Barrett exceeded his authority in providing therein that the lambs were to be weighed on the scales of the plaintiff, and also in providing for places of delivery

476

contrary to his instructions from his principal. The trial court instructed the jury in accordance with this theory, namely, that if they found that the defendant McHattie had exceeded his authority in entering into the contract in the particulars mentioned, then the answering defendants should recover.

Counsel for the plaintiff objected to the reception of the evidence in support of the theory of the defense and to the giving of the instructions referred to, and offered instructions taking from the jury the question of the exceeding of his authority by defendant McHattie, which were by the trial court refused. It is their contention, in support of specifications of error directed at these various rulings, that this evidence was inadmissible by reason of the failure of the defendants specially to plead in their answer the want of authority in McHattie to enter into the contract as made, and that this evidence was inadmissible under the general denial.

Plaintiff alleged that the contract was entered into by the defendant McHattie as the agent of his codefendants. Defendants denied these allegations. In order for plaintiff to be entitled to recover he was required to sustain these allegations by proof.

"Under a general denial of the allegations in the complaint the defendant may introduce any evidence which goes to controvert the facts which the plaintiff is bound to establish to sustain his action." (*Stephens* v. *Conley,* 48 Mont. 352, 138 Pac. 189, 193, Ann. Cas. 1915D, 958.) "Ordinarily the general issue or a general denial in an action against the principal will raise the question of the authority of the agent." (2 C. J. 912; *Hinton* v. *Roethler,* 90 Or. 440, 177 Pac. 59.)

It is further argued that this contention is tenable because McHattie was a general agent. Section 7930, Revised Codes 1921, provides that an agent for a particular act or transaction is called a special agent, and that all others are general agents. The evidence offered on behalf of the answering defendants, if believed, clearly established that the agent Mc-Hattie exceeded his authority in providing in the contract in question the places for weighing and delivery designated. This

testimony was disputed by defendant McHattie, who testified on behalf of the plaintiff. It is argued by counsel for plaintiff that, since McHattie made more than one contract with other persons on behalf of the answering defendants prior to the negotiation of the contract in question, he thereby became a general agent.

This court in the case of *Moore* v. *Skyles,* 33 Mont. 135, 82 Pac. 799, 114 Am. St. Rep. 801, 3 L. R. A. (n. s.) 136, after quoting the statute, supra, defining a "special agent," said: "All persons dealing with an agent are bound to ascertain the scope of the agent's authority, and if they do not they deal with him at their peril. [Citing cases.]" This statement has since been approved in *Schaeffer* v. *Mutual Benefit Life Ins. Co.,* 38 Mont. 459, 100 Pac. 225, *Northwestern Electric Equipment Co.* v. *Leighton,* 66 Mont. 529, 213 Pac. 1094, and *Benema* v. *Union Central Life Ins. Co.,* 94 Mont. 138, 21 Pac. (2d) 69. This rule applies not only to special agents who are employed for a single transaction, but to agents who have only special authority. In 2 Am. Jur. 77 it is said: "When one deals with a special agent or an agent who has only special authority to act for his principal, he acts at his peril, for he must acquaint himself with the strict extent of the agent's authority and deal with the agent accordingly. Such third person must inquire into the extent of the agent's authority; he is not justified in relying upon any appearance of authority except that which is directly deducible from the nature of the authority actually conferred. The reason for this is that if the power of an agent is special and limited, it must be strictly pursued and construed, with the result that neither the agent nor a third person dealing with him as such can claim that the agent had a power which they had not a right to understand was actually conferred."

Under any view of the testimony, even considering that of the defendant McHattie, his agency was one of limited authority, and according to the testimony of the answering defendants, his authority was subject to further limitations. The court properly submitted the evidence tending to prove that

McHattie exceeded his authority in making the contract with the plaintiff, and properly instructed the jury on this question, as applied to the facts in the case. If the jury believed the evidence offered by the answering defendants, as they did, without pausing to review it in detail, we are justified from an examination of the record in saying that it was sufficient to support the verdict, although the testimony in aid of plaintiff's ■ case created a conflict with the testimony of the defendants. However, this court has many times said that where the evidence is conflicting, if there is any substantial evidence in the record to support the verdict, the judgment will not be reversed. (*Coolidge* v. *Meagher,* 100 Mont. 172, 46 Pac. (2d) 684.)

Judgment affirmed.

ASSOCIATE JUSTICES MATTHEWS, STEWART and MORRIS concur.

MR. CHIEF JUSTICE SANDS: I concur in the result reached, but do not approve of all that is said in the above opinion, especially respecting the authority of agents.

Rehearing denied July 3, 1936.